In re STORCK LUMBER CO.

(District Court, D. Maryland. March 6, 1902.)

BANKRUPTCY—CORPORATIONS—DISSOLUTION BY STATE COURT—EFFECT.

> The sole stockholder of a Maryland corporation filed a bill in a state court alleging its insolvency, and praying the court, under Code Md. art. 23, and amendments, to declare the dissolution of the corporation and appoint receivers. The corporation answered, admitting the allegations of the bill, and the court on the same day entered its decree granting the relief prayed. Thereafter creditors filed a petition asking to have the corporation adjudged bankrupt. *Held*, that a motion to quash the petition in bankruptcy on the ground that the state court had full jurisdiction when it entered its decree dissolving the corporation, and that, therefore, the corporation had no existence when the petition was filed, should be denied, the action in the state court being in the nature of an insolvency proceeding, and the bankrupt act superseding state insolvency laws.

In Bankruptcy.

John E. Semmes, Stephens & Lincoln, and Charles M. Leslie, for petitioning creditors.

William S. Bryan, Jr., for respondent Storck Lumber Co.

MORRIS, District Judge. The Storck Lumber Company, of Baltimore city, is a Maryland corporation, and is one of a large number of trading corporations which Charles E. Corkran caused to be incorporated for the purpose of helping him to carry on his business plans. He held and owned all of its capital stock, and on August 19, 1901, he filed a bill of complaint in equity in the circuit court No. 2 of Baltimore city on behalf of himself and its creditors, alleging that it was unable to pay its debts as they matured in the ordinary course of business, and was insolvent. He prayed that court to exercise the powers given to it by the Maryland Code, art. 23, and the amendments thereto, to declare the dissolution of the corporation, and to appoint receivers of its estate and effects, who should be trustees for the benefit of the creditors and stockholders, and who should act under the direction of the court. The corporation filed its answer at once, admitting the truth of the allegations in the bill of complaint, and consenting to the appointment of the receivers; and on the same day the court entered its decree appointing receivers, adjudging that the corporation was dissolved, and that it be deemed to have surrendered its corporate rights, privileges, and franchises. The receivers were given power to take possession of all its assets, collect the outstanding debts due to it, and to convert all its property into money, and bring the same into court for distribution among the creditors and stockholders according to their legal rights and priorities, and to wind up the affairs of the corporation in conformity to the

provisions of the Maryland law applicable to the winding up of insolvent corporations. The receivers qualified, and were proceeding with their duties, when, on November 18, 1901, certain petitioners, claiming to be creditors of the corporation, filed their petition in this court alleging certain acts of bankruptcy, and asking to have the corporation adjudged bankrupt under the provisions of the national bankrupt law of 1898. The receivers appointed by the state court have appeared in answer to the petition, and have moved to have it quashed upon the ground that the state court had full and complete jurisdiction on August 19, 1901, when it entered its decree dissolving the corporation, and adjudging that it had surrendered its corporate rights, privileges, and franchises, and appointing receivers, and that on November 18, 1901, when the petition in bankruptcy was filed, the defendant corporation was no longer in existence, and all its property was vested in the petitioners.

The question raised by this motion to quash is not clear of difficulty, but it seems that it must be solved by applying the broad principle that the national bankrupt law is to govern the administration of the estate of all insolvent debtors who are within its provisions, and supersedes all the state laws having the like object, when its provisions are invoked by the requisite creditors, and acts of bankruptcy are proven. The Maryland statute for winding up insolvent corporations is in the nature of a proceeding in insolvency. Chapter 263, art. 23, § 264, Act 1894, provides that the bill for the dissolution of an insolvent corporation may be filed by any stockholder, shareholder, or creditor, or by the attorney general of Maryland, or by the state's attorney of the city or county. Chapter 349, § 264a, Act 1896, provides that, when any corporation has been declared insolvent under section 264, all payments, conveyances, and assignments, and all preferences which, if made by a natural person, would have been void or fraudulent under the state insolvency laws, shall, to the like extent, be void or fraudulent, and all its property and assets distributed to creditors as the property and assets of an insolvent debtor are distributed under the provisions of the state insolvent laws; and that the date of the filing of the bill against the corporation shall be taken for the purpose of determining the validity of preferences and for all other purposes as the date of the filing of the petition in insolvency by or against a natural person. The national bankrupt act of 1898 superseded the state insolvent laws, and now, when commercial and manufacturing corporations are so numerous, and are sometimes used, as in this case, more as a cover from individual liability than for more legitimate uses, it can scarcely be supposed, as the bankrupt act especially provides for proceedings against commercial corporations, that it was intended that such a corporation could commit acts of bankruptcy, and escape the provisions of the bankrupt act by applying to be wound up under the state statute, and thus defeat the operation of the bankrupt law. In re Independent Insurance Co., Holmes, 103, Fed. Cas. No. 7,017; Platt v. Archer, 9 Blatchf. 559–569, Fed. Cas. No. 11,213; State v. Superior Court of Kings Co., 2 Am. Bankr. R. 92, 56 Pac. 35; Boese v. King, 108 U. S. 379, 2 Sup. Ct. 765, 27 L. Ed. 760; In re Lengert Wagon Co., 6 Am. Bankr. R. 535, 110

Fed. 927; Scheuer v. Stationery Co. (C. C. A.) 112 Fed. 407; Coll. Bankr. p. 431.

Upon the best consideration I have been able to give the question, I think the motion to quash the proceedings must be overruled.