76 F.2d 834 (1935)
In re 211 EAST DELAWARE PLACE BLDG. CORPORATION.
KAMPEL
v.
WHITTEMORE.
Nos. 5429, 5461.
Circuit Court of Appeals, Seventh Circuit.
April 18, 1935.
*835 H. J. Rosenberg and David Jetzinger, both of Chicago, Ill., for appellant.
Samuel G. Clawson, George E. Q. Johnson, Luther D. Swanstrom, and Walter E. Wiles, all of Chicago, Ill., for appellee.
Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.
EVANS, Circuit Judge (after stating the facts as above).
Several questions are raised by appellant, a consideration of which necessitates a more detailed fact statement. The significance of this statement will, however, be better appreciated if the legal questions upon which appellant relies are first stated. He asks for the reversal of the decree because (a) the debtor corporation was dissolved pursuant to the statute of the State of Illinois prior to the commencement of the proceedings in the court below; (b) the United States District Court should not disturb the status created by the appointment of the state court receiver until there has been a final decree of reorganization under section 77B (11 USCA § 207); (c) the order was made without an adequate hearing on the merits of the application.
One Golder was appointed receiver in the Superior Court of Cook County in an equity suit brought to foreclose a trust deed securing bonds in the aggregate amount of *836 $525,000. The receiver entered into possession of the property on or about September 17, 1929, and continued in possession until the United States District Court appointed appellee, trustee of the estate of the debtor.
When in possession of the property said receiver leased the premises to appellant "for the term of the receivership in said causes, commencing on July 21, 1933, unless sooner terminated as hereinafter provided." The lease also provided for its termination upon sixty days' notice.
On June 29, 1932, upon application of the Attorney General of the State of Illinois and after notice had been published as provided by law, the Superior Court of Cook County entered an order dissolving the 211 East Delaware Building Corporation because of its failure to pay the franchise taxes due November 15, 1931. The property covered by the trust deed constituted all the assets of the corporation.
The chief reliance of appellant is upon the fact that the corporation, which is the alleged debtor in the proceedings in the court below, was dissolved by judicial decree pursuant to the statute of the State of Illinois. Appellant argues that upon such dissolution the property passed to the stockholders; the alleged debtor ceased to exist and was thereafter not the subject of an adjudication under sections 77A and 77B of the Bankruptcy Act.
Passing without comment the action of the receiver in failing to protect the corporation for which he was in part acting and assuming as between the state and the said corporation the latter was not in esse, it by no means follows that the bondholders could not treat the corporation as an entity subject to adjudication under the Bankruptcy Act or under sections 77A and 77B of said act. That a corporation, thus dissolved, exists for certain purposes, Smith-Hurd Rev. St. Ill. 1931, c. 32, §§ 14, 79, Cahill's Rev. St. Ill. 1931, c. 32, pars. 14, 79, one of which is to have its estate administered in a court of bankruptcy is the holding of the courts that have passed on this question. Hammond et al. v. Lyon Realty Co. (C. C. A.) 59 F.(2d) 592; In re Double Star Brick Company (D. C.) 210 F. 980; In re Munger Vehicle Tire Company (C. C. A.) 159 F. 901; In re Storck Lumber Company (D. C.) 114 F. 360.
The frequency with which corporations have been created for no purpose other than to be used as an instrumentality for the flotation of a bond issue largely in excess of the value of the property mortgaged  that is, to be used as a conduit through which the investors' money is transferred to the promoters of irresponsible ventures  and then, for all legal purposes, to pass out of existence, necessitates adherence to the rule of the above decisions, unless we find something to substantially distinguish these amendments to the Bankruptcy Act, commonly known as sections 77A and 77B, from the original Bankruptcy Act. Instead of finding such distinctions there appear, it seems, stronger reasons for extending to such unfortunate bondholders all the protection which may fairly and legitimately be extended to creditors under sections 77A and 77B. It is, however, not necessary to invoke the equities which exist in such cases to reinforce the reasons for the adoption of the rule announced in the above-cited cases to the effect that the dissolution of the corporation, through forfeiture of the charter because of failure to pay taxes, etc., does not deprive the United States District Court of jurisdiction to administer the estate of such corporation in accordance with the provisions of the Bankruptcy Act.
Appellant also argues that he had a lease which the trustee could not terminate and moreover, upon the showing made, it should not have been terminated and was not in fact validly terminated by the court or action of the trustee.
The lease provided for its termination at the end of the receivership. The appointment of the trustee in the court of bankruptcy terminated the state court receivership. In re Sterba (C. C. A.) 74 F.(2d) 413. Moreover, the lease expressly provided that it might be terminated upon sixty days' notice, regardless of the date upon which the installment of rent became due. The sixty days' notice was given by the trustee.
It is likewise argued that the court was without authority to make the order in a summary proceeding. A denial of this contention rests upon two grounds: (1) The receiver consented to a determination of the issue in this summary proceeding. It may not therefore be heard later to complain. In re Rockford Produce & Sales Co. (C. C. A.) 275 F. 811. The lessee's rights are fixed by section 77B (b), 11 USCA § 207 (b). (2) The receiver did not hold the property adversely to the trustee in bankruptcy. On the court's approval of the petition filed against the debtor and its appointment of a trustee, the jurisdiction of the District Court over *837 all of the property in the actual or constructive possession of the debtor was exclusive. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645; Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. The District Court was therefore free to terminate existing leases. Section 77B (b).
It was unnecessary for the United States District Court to await the submission of a plan acceptable to two-thirds of the creditors before acting. In re Sterba, supra. In its discretion the District Court may direct the immediate transfer of the property. There was a sufficient fact basis in the instant case to justify the exercise of the court's discretion. We cannot say that the court abused the discretionary power in it lodged.
The decree of the District Court is affirmed.