# In re PEER MANOR BLDG. CORPORATION.

## NIKOLAS et al. v. WITTER et al.

### No. 8472.

Circuit Court of Appeals, Seventh Circuit.
June 16, 1944.

Rehearing Denied July 13, 1944.

Walter E. Wiles and George E. Q. Johnson, both of Chicago, Ill. (Robert G. Sippel, of Chicago, Ill., of counsel), for appellants.

Harold J. Green, Green & Green, and Maurice H. Kamm, all of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

The factual background for the legal questions presented by this appeal appears in the opinion of this court in Peer Manor Building Corporation, 134 F.2d 839. See also the decision of this court in In re Peer Manor Building Corporation, Debtor, 143 F.2d 764.

Supplementing the facts therein appearing, it should be said that subsequent to the opinion of this court in 134 F.2d 839, petitioners, through an independent, new proceeding, sought a reorganization of debtor under Chapt. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. They proceeded on the theory that we had held that the original bankruptcy proceeding ended in a final adjudication which could not be reopened for the purpose of amending or submitting a new plan of reorganization. There had been no reservation of jurisdiction and the final decree ended the proceeding. Such ruling left open, to petitioners or any other creditors, the right to

apply, in a new and separate proceeding, for the reorganization of said insolvent debtor,—the Peer Manor Company. Objections to the new proceedings because debtor did not come within the scope of said Act were presented and the District Court, feeling bound by the decision of this court in 134 F.2d 839, denied the relief sought and dismissed the petition. From such order of dismissal, this appeal is taken.

To secure a reversal petitioners (appellants) must successfully meet two objections which the appellees advanced. One is the defense of res judicata and if not res judicata, the "law of the case." The other is the failure of petitioners to show that Peer Manor Building Corporation was an "unincorporated company or association" within the meaning of that term as used in said Chapt. X. Petitioners must show that the evidence brings debtor within one of the groups covered by said Chapt. X. They must also convince us that our decision did not forever determine the liability of this debtor, dissolved by judicial decree of an Illinois state court for failure to make reports and to pay franchise fees, to be reorganized upon petition of its creditors, or owners under said Chapt. X.

As to the first defense we are satisfied that our decision on the previous appeal is not res judicata, nor are we bound by it as the "law of the case." The parties were not the same; the evidence was not the same; nor was the issue the same. An adjudication or dismissal of a proceeding under Chapt. X of the Bankruptcy Act does not prevent the institution of new proceedings to reorganize a debtor. An involved debtor may successfully resist an attempt by its creditors to reorganize it under said Chapt. X. The next day it may be subject to another petition seeking the same purpose. The petitioners, as here, may not be the same creditors. The debtor's situation may have changed. The evidence may not be the same. The relief sought in the new petition may be appropriate in the second application and yet the denial of relief in the first proceeding may also have been proper upon the showing made.

It is true, the test which determined the first case may be properly used in determining the propriety of granting relief in the second proceeding. If the facts are similar and the ground for denial of relief

be the same, the lower court and this court will doubtless follow the previous decision even though it be not res judicata.

Nor does the law of the case govern the disposition of the second proceeding.

Our conclusion is, therefore, that petitioners here were not precluded by the previous decision of this court from bringing the instant proceeding.

This disposition of this first objection brings us to the closely allied question of the character of the entity,—the Peer Manor Company,—when the petition now before us was presented to the District Court. In disposing of the preceding petition, this court said [134 F.2d 840]:

"Whatever may be the validity of the first contention of the appellant Witter, it seems to us his second contention is valid. The decree of August 27, 1937, purported to be final in all respects, and reserved jurisdiction only for the period of the extension of the indebtedness; and this reservation of jurisdiction was only for the purpose of supervising the procedure to carry out the court's decree. It reserved no jurisdiction to entertain a further reorganization proceeding. True, the agreement of extension entered into with the indenture trustee and made a part of the decree of August 27, 1937, provided a plan that was to be put into effect if the debtor should default, but that plan is not the one sought to be promulgated and approved. An entirely new and different proceeding is contemplated. The petition of December 5, 1941, was a new proceeding and not a continuation of the proceeding instituted July 23, 1936."

On this holding this court was unanimous. Division occurred respecting the right of creditors to file a petition under Chapt. X against an Illinois corporation dissolved by decree of court. One of the members of this court did not express himself on this issue, but contented himself with agreeing with the expressed conclusion of the court that the original proceedings having terminated in a final decree, they were not subject to be reopened at a later date for the purpose of submitting a new plan of reorganization. Upon the question over which this court divided sharply, Judge Kerner expressed no opinion, because not necessary.

We must therefore approach the question here presented as to the entity capacity of Peer Manor Building Corporation upon the evidence now before us. Neither

the views expressed in the majority opinion nor in the so-called dissenting opinion on the other issue as to which the third judge expressed no opinion, need vex us. The facts in the instant case are stronger than on the previous hearing which presented the naked legal proposition of the right of creditors to reorganize an Illinois corporation dissolved for more than two years prior to the filing of the creditors' petition. We here have evidence showing that subsequent to the dissolution of said Peer Manor Building Corporation by Illinois state court decree, it continued to act in some capacity.

The statute defines the debtors who are subject to reorganization under Chapt. X. We quote therefrom:

Sec. 506(3), U.S.C.A. Title 11. " 'corporation' shall mean a corporation, as defined in this title, which could be adjudged a bankrupt under this title, * * *."

Title 11, U.S.C.A. Sec. 1 (8) reads:

" 'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument; * * *."

Concentrating our attention on this inquiry, it is worthy of note that the word "corporation" includes (a) private corporations, (b) partnership associations, (c) joint stock companies, (d) unincorporated companies and associations, (e) any business conducted by a trustee or trustees wherein beneficial interests or ownership is evidenced by certificates or other written instrument.

Does the evidence bring the debtor within any of these groups?

Numerous courts have considered what businesses are thus included. They have uniformly given a broad, inclusive construction of the language used. See In re Order of Sparta, 3 Cir., 242 F. 235; In re Tidewater Coal Exchange, 2 Cir., 280 F. 638; In re Poland Union, 2 Cir., 77 F.2d 855; In re Booth's Drug Store, D.C., 19 F.Supp. 95; In re Minnesota Ins. Underwriters, D.C., 36 F.2d 371; Brooklyn Trust Co. v. Commissioner, 2 Cir., 80 F.2d 865.

Some of these cases deal with Sec. 1 (8) of the Act, rather than the Chapt. X. Chapt. X includes the same group as Sec. 1 (8). It follows therefore that cases which deal with Sec. 1 (8) of Chapt. I are authority for what is included in "corporations" under Sec. 506(3).

Examining the cases referred to and particularly the opinion in In re Tidewater Coal Exchange, 2 Cir., 280 F. 638, 643, we find the following test:

"A company is defined in the Century Dictionary as 'a number of persons united for performing or carrying on anything jointly.' If such a number of persons are united for carrying on any kind of business enterprise jointly, and are not incorporated, and do not constitute a partnership, they are an 'unincorporated company' within the true intent and meaning of the acts of Congress relating to bankruptcy."

The evidence in the instant case shows that Peer Manor Building Corporation started out as an ordinary private corporation organized under the laws of Illinois. It was organized for profit. It issued stock. As a legal entity it was a duly organized Illinois corporation. It, of course, acted through its officers. It met with financial trouble and failed to maintain its de jure corporate capacity. However, it did not cease to conduct its business. It continued to act as though its charter had not been revoked by the Illinois court because of failure to comply with the Illinois law as to annual reports and payment of franchise taxes. Later its affairs passed into the hands of the debenture trustee because of default on its first mortgage payments. Later the property passed to a Federal Court trustee who was appointed upon the institution of bankruptcy proceedings. These proceedings were begun by two creditors who assumed to act for and on behalf of the debtor and who asserted that they were authorized so to do by debtor's board of directors.

The court, unaware of the loss of debtor's corporate charter, ordered the debtor restored to possession of Peer, the objector herein, who continued to act in the name of the corporate debtor. He it was who, speaking for the corporation, obtained an adjudication and a reorganization of debtor in the first proceedings. He acted as the corporation officer and as agent of

772

the corporation and transacted its business in the corporate name.

Neither the stockholders nor the many bondholders, were apparently aware of the dissolution of the corporation for they made no objection. After adjudication two of the stockholders, purporting to be its officers and acting for the corporation, executed a trust agreement. They executed and delivered a note and chattel mortgage. This they did with the approval, and under the order, of the District Court and in consummation of a plan of reorganization approved by it and by the bondholders.

The query we are pursuing leads to a question, the answer to which makes for possible enlightenment. If Peer Manor Building were not an "unincorporated company or association" what was it? It carried on a business. It held property and conducted all the business which the management of its property demanded. It had another attribute characteristic of Chicago real property at this time. It had debts. Its mortgage indebtedness exceeded its assets.

The bondholders and stockholders were treated after dissolution as they were before. The property was handled the same. Apartments were rented, insurance payments were maintained, taxes were paid, and repairs made. It was a business conducted for profit, although the profits were largely imaginary. Agents or representatives of the company did the business.

It was not a corporation nor a partnership. Nor was it an individual. Congress seemingly intended to include all business enterprises within the reach of this Chapter. Congress was not satisfied with including corporations and partnerships. It added joint stock companies. Nor did it stop here. It included *"unincorporated companies and associations."* We think Congress intended to include *all* business enterprises which were unable to meet their debts and whose creditors had more faith in a reorganization than in a mortgage foreclosure.

█ Considering all the evidence and giving the statute the broad and inclusive definition which we think it requires and which other courts have given it, we conclude that the Peer Manor Building Corporation, after its dissolution, as the evidence shows it was conducted, was an unincorporated company or association and as such was properly subject to reorganization under said Chapt. X.

The judgment is reversed, with directions to proceed with reorganization of said debtor.