## In re PEER MANOR BLDG. CORPORATION.

## WITTER v. NIKOLAS et al.

### No. 8821.

Circuit Court of Appeals, Seventh Circuit.

Feb. 12, 1946.

Rehearing Denied April 4, 1946.

Harold J. Green, of Chicago, Ill., for appellant.

Walter E. Wiles and George E. Q. Johnson, both of Chicago, Ill., for appellees.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Following the mandate of this court, in pursuance of the opinion in Nikolas et al. v. Witter, 7 Cir., 143 F.2d 769, the District Court entered an order approving the petition for reorganization as filed in good faith. Appellant, a bondholder, appeals from that order, contending that, in view of the facts, the court was without jurisdiction and that, if it had jurisdiction, the evidence was not sufficient to sustain the finding.

Many of the facts relating to various phases of the controversies in regard to the property of the debtor appear in In re Peer Manor Bldg. Corp., 7 Cir., 143 F.2d 764; Peer Manor Bldg. Corp., 7 Cir., 134 F.2d 839, certiorari denied 320 U.S. 211, 63 S. Ct. 1447, 87 L.Ed. 1849; In re Peer Manor Bldg. Corp., 7 Cir., 143 F.2d 769, and need not be repeated. We shall comment further upon them only to the extent necessary to do so in order to determine whether the evidence was sufficient to sustain the District Court's order.

Evidence was received at the original hearing upon the petition. Though that hearing was principally directed to the jurisdictional issue, it supplied also illuminating facts pertinent to the issue of desirability of reorganization. Obviously that evidence was still before the District Court when the cause came back to it in pursuance of the mandate of this court for decision upon the good faith of petitioners. Furthermore, it was again formally offered and received. Under that evidence it appears that the property consisted of a six-story apartment building containing sixty-eight apartments of one, two and three rooms each, with furniture, fixtures and

carpets, subject to outstanding mortgage bonds in default and unpaid in an amount over $165,000 and to certain unpaid taxes due taxing bodies of the state of Illinois and the United States; that foreclosure proceedings had been instituted by the mortgagee; that the debts could not be paid as they matured; that a "partial foreclosure" suit had been instituted by appellant, and that upon institution of reorganization, custody had passed to the representatives of the bankruptcy court. It indicated that reorganization would preserve as an operating entity the property of debtor without sacrifice or piece-meal foreclosures and afforded the least expensive and most effective method of adjusting the indebtedness and of preserving any equity that might result thereafter for the owners; that the management of the property had been under the tutelage of the District Court ever since the petition was filed and that many other circumstances bearing upon the affairs of the debtor, its creditors and stockholders were such as to make reorganization, as permitted under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., highly desirable. Nothing appears in evidence to challenge in any way the good faith of petitioners.

The testimony at the original hearing included in the record discloses also that when the original petition for reorganization was filed, which this court later ordered dismissed because debtor was not a corporation, the property was taken from the custody of the state court and placed in the debtor to be held for the court subject to the court's order; that a plan of reorganization was filed and approved; that an extension agreement was entered into and that it had been agreed that, if default occurred in its execution, a new corporation would be created and stock therein in certain fixed proportions delivered to the bondholders in lieu of their interest bearing securities. In view of this state of the record, appellant is hardly in the position to contend that reorganization is not feasible, for past experience has demonstrated that, save for the jurisdictional question, the reorganization might have long ago been perfected.

The debtor managed the property for the court's trustee, collected the rents, paid the expenses and made proper report to the bondholders and the mortgagee. He proceeded, in pursuance of the court's direction and in accord with the court's ap-

proval of reorganization, so to manage the property until the proceeding terminated because, as noted aforesaid, of the jurisdictional defeat. Apparently this custody was continued, even after dismissal of the original petition, until the next petition was filed, in which Peer Manor was treated and found to be a non-incorporated association. So it seems apparent from the undisputed evidence that not only was reorganization deemed feasible and proper but that a plan was confirmed and in process of being carried into effect. Now that the proper parties are in court, there is evident to us no reason why the bankruptcy court may not do what it started out to do some years ago in the original proceeding; no reason why reorganization is not feasible and in the best interest of the creditors. In this respect the case is to be distinguished from In re Sheridan View Bldg. Corp., 7 Cir., 149 F.2d 532, where there was entire lack of proof that reorganization was feasible or desirable.

Certain evidence before the court has not been included in the record. This includes exhibits 1, 1a, 1b and 1c. In these exhibits, appellees charge, appellant admitted all the facts but controverted the legal effect of the same. We can not take notice of what was contained in evidentiary documents not produced but, under well known rules, must conclude that such evidence, heard by the court and not contained in the record, was sufficient to sustain the court's finding.

■ We think all this evidence, coupled with all other facts and circumstances appearing in the record in No. 8472, expressly incorporated into this record, such that the District Court was fully justified in approving the petition; indeed, we think any other action would have been wholly unwarranted.

But, says appellant, the record discloses a fact fatal to the jurisdiction of the District Court, namely, that appellant's partial foreclosure has ripened into a master's deed to appellant for the property, in pursuance of a decree of the state court entered November 8, 1943. Consequently, appellant urges, the Bankruptcy Court may not rightfully take over the property. We have commented previously that the undisturbed custody and administration of the assets have been lodged in the District Court ever since the filing of the petition for reorganization, long prior to the de-

cree of the state court. What appellant has, therefore, is the naked legal title, taken, since bankruptcy intervened, in satisfaction of a debt of $595, plus interest and costs, subject to the lien of the mortgagee mentioned above.

Is this circumstance, this fact, sufficient to deprive the court of jurisdiction? The petition for reorganization was filed July 8, 1943. Appellee's partial foreclosure suit was then pending. It was not automatically checked and no restraining order was issued. But appellant was an active participant in the reorganization; indeed he is the sole objector. He knew full well what was transpiring in the federal court. In the face of this knowledge, he proceeded thereafter to obtain a decree of sale on November 8, 1943 and on February 8, 1944 a decree approving a deed to him. Could he, contesting reorganization jurisdiction, defeat it by such action after the petition for reorganization had been filed? We think not.

■ Under Section 112 of the Bankruptcy Act, Sec. 512, Title 11 U.S.C.A., the District Court in reorganization proceeding has the same powers and duties as in ordinary bankruptcy before adjudication and, under Section 114, Sec. 514, Title 11 U.S.C.A., upon approval of the petition, the same power as in ordinary bankruptcy upon adjudication. The filing of the petition is a declaration to the world that the court has taken jurisdiction under the paramount bankruptcy power of the constitution. Upon adjudication or approval, the title of the bankruptcy court reverts to the date of filing; that filing date is the line of cleavage between the debtor's estate and that of the court, and anyone knowingly acting in controversion of the court's jurisdiction, does so at his peril. Title 11 U.S.C.A. §§ 514, 515, 110, subs. a, c, and d. Section 110, sub. d(3), expressly provides that one having actual knowledge of pending bankruptcy shall be deemed not to act in good faith unless he has reasonable cause to believe the petition in bankruptcy is not well founded. Surely in face of the facts before the court, appellant could not in good faith challenge the basis laid and found to exist for reorganization.

■ When appellant took title he knew that bankruptcy was pending; he knew that the trustee's title would revert to the filing date; he knew that that title was entire and absolute and that the court was endowed with jurisdiction to do anything at any time necessary to perfect it and protect it, even to the extent of ignoring entirely any title appellant might thereafter attempt to procure. When appellant later procured partial title, he knew he was impinging upon and attempting to defeat the jurisdiction already vested in the bankruptcy court by virtue of the constitution and the act of Congress. He was fully warned that he could not do this. His persistence was an idle, fruitless attempt to defeat the District Court's jurisdiction and, indeed, an attempted fraud upon the Court.

Many authorities might be cited to support these conclusions. Thus in May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 460, 69 L.Ed. 870, the court said "The filing of the petition is a caveat to all the world and in effect an attachment and injunction." And again "The rule is the same when a creditor secures payment of his debt from the bankrupt's estate after the filing of the petition. A summary order may be made directing repayment of the money to the trustee in bankruptcy. * * * Any other rule would leave the bankruptcy court powerless to deal in an effective way with those holding property for the bankrupt who, pending the bankruptcy proceedings, willfully dispose of it by placing it beyond the reach of the court." In Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 606, 77 L.Ed. 1243, 90 A.L.R. 1215, the language was: "Upon adjudication * * * title to all the property of the bankrupt * * * vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, State or federal. * * * Such jurisdiction having attached, control of the administration of the estate can not be surrendered even by the court itself. * * * 'The filing of the petition is a caveat to all the world and in effect an attachment and injunction.'" In Isaac v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 272, 75 L.Ed. 645, the court announced: "The jurisdiction in bankruptcy is made exclusive in the interest of the due administration of the estate and the preservation of the rights of both secured and unsecured creditors. This fact places it beyond the power of the court's officers to oust it by surrender of property which has come into its possession. * * * Indeed, a court

of bankruptcy itself is powerless to surrender its control of the administration of the estate." The language of Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 384, 81 L.Ed. 557, is strikingly pertinent. "The respondents went forward with the proceedings in the state court, looking to a sale of the debtor's property, with full knowledge that a rehearing might be granted and that the order entered thereon might be appealed. They are not entitled, therefore, to rely on any status acquired in the state court suit as precluding further consideration of the petition for reorganization. The motion must accordingly be overruled." See also Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L. Ed. 1041, and Mackenzie v. A. Engelhard & Sons Co., 266 U.S. 131, 45 S.Ct. 68, 69 L.Ed. 205, 36 A.L.R. 416.

Appellant's reliance upon In re Ella Tinkoff, 7 Cir., 141 F.2d 731, is misplaced. The language of the Tinkoff case must be read with that case's specific facts in mind. There one of the foreclosure suits involved was for strict foreclosure, which in Illinois passes title at the time of the decree free of any right of redemption. That decree was entered some four years prior to the filing of the petition for arrangement, so that when the bankruptcy court took jurisdiction, the debtor had long since lost all title to the property. Obviously, the bankruptcy court could not take jurisdiction of something title to which had passed long prior to the filing of the petition. A not unlike situation existed as to the other property there involved. It had been sold at foreclosure sale prior to the filing of the arrangement petition. The debtor had lost all right of redemption. Here, again, the bankruptcy court was powerless to reach property which had previously passed. In the absence of fraud or voidable preference, the bankruptcy court cannot recreate title in a debtor to property which the latter has conveyed; it can only preserve title in existence at the time the petition is filed. In the Tinkoff case all title had passed prior to bankruptcy and there was nothing in the estate for the trustee to seize. Here the District Court was not asked to create title anew in the debtor to property which had already passed; it was merely asked to preserve a title then in existence.

We do not mean to imply that the filing of a petition for reorganization automatically stays foreclosure proceeding, but we do assert that inasmuch as appellant was a party to the reorganization proceeding, indeed, was struggling to defeat the jurisdiction of the bankruptcy court, he was thereby charged with notice of the exclusive character of the bankruptcy jurisdiction and of what the court, in pursuance of that jurisdiction might do at any time thereafter with regard to the property. He knew that when the bankruptcy court took jurisdiction, that jurisdiction superseded that of all other courts and that any action he might take in the state court in his foreclosure suit would be an attempted fraud upon the jurisdiction of the bankruptcy court. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. He was well advised, too, that, in pursuance of its bankruptcy jurisdiction, the court might summarily direct him to surrender such assets of the estate as he should receive subsequent to the filing of the petition, May v. Henderson, supra, and that whatever the state court might do at his own suit, in the matter of handing to him title or partial title, he might be compelled to undo by proper conveyance to the trustee of the bankruptcy court.

The order is affirmed at the cost of appellant.

## Upon Petition for Rehearing.

In his petition for rehearing appellant complains because, in our opinion, we stated that the record did not include exhibits 1, 1a, 1b and 1c. Appellees now concede that, while the exhibits are not in the transcript, the parties had stipulated that they might be considered by the court. Consequently we have examined the unprinted exhibits and find that they substantiate fully the conclusions we reached and that nothing in them in any way militates against our final result.

In other respects, the petition for rehearing is only reargument. With this supplement to the opinion, the petition for rehearing is denied.