**In re MIDWEST ATHLETIC CLUB.**

**CHICAGO TITLE & TRUST CO. v. RYAN et al. (two cases).**

**SCHLENSKY v. RYAN et al.**

**CHICAGO TITLE & TRUST CO. et al. v. RYAN et al.,**

Nos. 9284, 9285, 9315, 9324.

Circuit Court of Appeals, Seventh Circuit.

June 6, 1947.

A. Edmund Peterson, Charles H. Watson, Meyer Abrams, Maurice H. Kamm, and Marcus R. Hart, all of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellant.

Thomas B. Hart, G. Gale Roberson, J. Kirk Windle, Simon H. Alster, Jerome S. Wald and John H. McAuliffe, all of Chicago, Ill., Roger S. Foster, Robert S. Rubin and Aaron Levy, all of Philadelphia, Pa.; Alster, Berger & Wald, of Chicago, Ill. (Theodore E. Rein, of Chicago, Ill., of counsel), for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Midwest Athletic Club was organized under the laws of Illinois as a non-profit corporation on January 2, 1924. The corporation built a thirteen story clubhouse on the west side of Chicago with club facilities, 171 hotel rooms, and commercial rental space. A first mortgage was placed on this property to secure a bond issue of $1,200,-000 with the Chicago Title and Trust Company as indenture trustee. In 1930 a suit in which other lienholders joined was instituted in the State courts of Cook County, Illinois, to foreclose the mortgage. In this proceeding a receiver was appointed who took possession of all the property and continued in possession, collecting the rents as such receiver until the bankruptcy proceedings were instituted as hereinafter mentioned. In 1935 a foreclosure decree was entered, but no sale of the property was ever had. On May 26, 1938 in a suit brought by the Attorney General of the State of Illinois, the charter of the corporation, Midwest Athletic Club, was forfeited and the corporation dissolved.

More than eight years after the dissolution of the corporation, to-wit; August 16, 1946, five first mortgage bondholders filed a petition in the District Court for the Northern District of Illinois for a reorganization of the corporation under Chapter X of the Bankruptcy Act.[1] In this petition it was alleged that the corporation had been dissolved within the past seven years and that since 1930 all of the corporation's property had been in the possession of and operated by the receiver appointed in the foreclosure suit.

From the date of the receiver's appointment to the filing of the petition herein, no members, groups, or committees of members, or any one appointed by them or any of them have ever associated themselves together to do business as the Midwest Athletic Club, nor have they ever taken any action as such Midwest Athletic Club or for or on behalf of any member or members thereof. In short, the corporation was dissolved, and the membership did nothing. In fact, no one knows who the members were or where they now are. Service was attempted by publication upon the members of the defunct club after the court had quashed service on the receiver, and service could not be had upon the defunct corporation. An individual bondholder and the trustee of the bondholders under the first mortgage, the Chicago Title and Trust Company, appeared in the District Court and challenged the jurisdiction of that court to enter a petition to reorganize a club that had been dissolved for eight years and denied that the petition was filed in good faith. The District Court took jurisdiction, found after hearing that the petition was filed in good faith, appointed a trustee, and enjoined further action in the State court and by the bondholders' committee. From these orders the trustee and the individual bondholder have appealed.

The question presented is whether a non-profit corporation that has been dissolved for over eight years is a corporation within the meaning of Chapter X of the Bankruptcy Act.

We held in In Re Peer Manor Building Corporation, 7 Cir., 134 F.2d 839,

---

[1] 11 U.S.C.A. § 501 et seq.

where the record revealed only the dissolution of the corporation, that it was dead for all purposes and was not a corporation within the meaning of the Bankruptcy Act, and that the bankruptcy court had no jurisdiction to entertain a petition for its reorganization. On a second appeal, In Re Peer Manor Building Corporation, 7 Cir., 143 F.2d 769, 154 A.L.R. 1120, we held that notwithstanding dissolution of the corporation for over two years, where it was shown that the officers, directors, and stockholders, who had always operated the corporation's business before dissolution, continued in possession and operation as if no dissolution had taken place and purported to act for and on behalf of the corporation under its corporate name, that such dissolved corporation was an unincorporated company within the broad definition of a "corporation" contained in 11 U.S.C.A. § 1 (8), which defines a corporation among other things as an "unincorporated company or association."

A "company" is defined in In re Tidewater Coal Exchange, 2 Cir., 280 F. 638, 643, as follows: "A company is defined in the Century Dictionary as 'a number of persons united for performing or carrying on anything jointly.' If such a number of persons are united for carrying on any kind of business enterprise jointly, and are not incorporated, and do not constitute a partnership, they are an 'unincorporated company' within the true intent and meaning of the acts of Congress relating to bankruptcy."

An "association" is defined in Webster's New International Dictionary, Second Edition, Unabridged (1942) as follows: "* * * as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation."

An unincorporated company or association contemplates joint action as a group. Mere community of interest is not sufficient. As we held in the second Peer Manor case, to constitute the stockholders of a dissolved corporation an unincorporated company, such stockholders or some of them must continue the business. They must act jointly in doing business under

the corporate name. Congress did not intend by Chapter X to provide for the reorganization of pieces of property held by several persons with a community of interest. The community interest must act jointly in operating the property under some trade name to constitute an unincorporated company or association.

Counsel has argued that you may sue an association by its trade name, citing Federal Rules of Civil Procedure, Rule 17 (b), 28 U.S.C.A. following section 723c. You may not sue a name unless some one is doing business under that name, in which case the party or parties so doing business may be sued individually as trading under said name or by the trade name as provided in Rule 17 (b). In the instant case, as we have pointed out, the Midwest Athletic Club, the alleged debtor, had been dissolved for eight years. No one was operating as the Midwest Athletic Club the property it had owned. When a business corporation is dissolved, the title to its property vests in its stockholders as tenants in common, subject to the rights of its creditors. Crocker v. Commissioner of Internal Revenue, 7 Cir., 84 F.2d 64; 16 Fletcher, Cyclopedia of the Law of Private Corporations Sec. 8134, p. 878 (1942 ed.); 13 Am.Jur., Corporations, Sec. 1352. We shall assume, without deciding, since there is no authority in Illinois on the question, that upon a dissolution of a nonprofit corporation, such as the Midwest Athletic Club, the title to its property passed to its members as tenants in common.

From the record in the instant case, it is clear that after the dissolution the members did nothing. From 1930 to the date of the decree appealed from, the property was in the possession of the receiver appointed by the State court in the foreclosure proceedings. He took possession of the property and collected the rents and profits for the benefit of the secured creditors. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 126, 58 S.Ct. 125, 82 L.Ed. 147; Duparquet Huot & Moneuse Co., et al. v. Evans, et al., 297 U.S. 216, 221, 56 S.Ct. 412, 80 L.Ed. 591.

The receiver in the foreclosure proceedings had no title to the property.

He was merely a custodial receiver, and his possession was that of the court. Heffron v. Gage, 149 Ill. 182, 193, 194, 36 N.E. 569. The receiver did not represent the corporation or its members in fact or in law. Chicago City R. Co. v. The People, 116 Ill.App. 633, 640, 641. The whole object of the appointment of the receiver was to take the rents and profits from the mortgagor and hold them for the mortgagee, who has a specific lien upon such rents and profits to pay any deficiency, where the property is, as it was here, worth much less than the first mortgage. Ortengren v. Rice, 104 Ill.App. 428, 431. The receiver, a mere custodial officer of the court sequestrating the rents and profits for the benefit of the first mortgagee, cannot be considered as operating the corporation property for the corporation or its members in the sense we found was necessary in the second Peer Manor case, in order to constitute the stockholders an unincorporated company or association.

The District Court recognized that the receiver did not represent the dissolved corporation so that service could be had upon him, and the court quashed such service. If the receiver could not be considered to represent the corporation for service, although appointed before the corporation was dissolved, we are at a loss to understand how he can be considered to represent the corporation or its members so as to convert them after dissolution of the corporation into an unincorporated company or association for joint action, when neither the corporation nor its members ever did anything with reference to the receiver.

The receiver was only an arm of the court. Can it be said that the court was doing business in the corporation name and on its behalf? We think not. Even if it were, that would not be joint voluntary action of the defunct corporation's members.

▮ This case is clearly distinguishable from In Re Peer Manor Building Corporation, 7 Cir., 143 F.2d 769, 154 A.L.R. 1120, since no one here continued to carry on the club or the affairs thereof in any manner whatsoever. There was no joint action by any of the members in the corporation's name and in its behalf. They had not asso-

ciated themselves together for the purpose of acting jointly as a company or association through the receiver or any one else. Such complete nonaction after dissolution prevented the members from becoming an unincorporated company or association. The de jure corporation was gone by dissolution. No one acted in its place thereafter so as to give it the aspect of an unincorporated company or association. Therefore, there was no corporation to be reorganized within the meaning of Chapter X of the Bankruptcy Act, and the District Court was without jurisdiction to entertain the petition therefor. In Re Peer Manor Building Corporation, 7 Cir., 134 F.2d 839.

The judgment of the District Court in Nos. 9284 and 9285 is reversed, and the causes are remanded with directions to dismiss the petition for want of jurisdiction. In view of our disposition of these causes, there is no need to consider Nos. 9315 and 9324.