In re PEER MANOR BLDG. CORPORATION.

PEER v. NIKOLAS et al.

NIKOLAS et al. v. WITTER et al.

Nos. 8468, 8475.

Circuit Court of Appeals, Seventh Circuit.

June 14, 1944.

Rehearing Denied July 13, 1944.

See, also, 143 F.2d 769.

In Case No. 8468:

Maurice H. Kamm, of Chicago, Ill., for appellant.

Walter E. Wiles and Geo. E. Q. Johnson, both of Chicago, Ill., (Frederick W. Eisenstein, of Chicago, Ill., of counsel), for appellees.

In Case No. 8475:

Walter E. Wiles and George E. Q. Johnson, both of Chicago, Ill., for appellants.

Maurice H. Kamm, Harold J. Green, and Jules R. Green, all of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

On the former appeal this court caused the following mandate to issue:

"* * * it is ordered, adjudged and decreed by this Court that the order or decree of the said District Court in this cause appealed from be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said District Court with instructions to dismiss the petition for lack of jurisdiction."

Following the filing of the mandate in the District Court, two orders were made in this cause. An appeal has been taken from each order. A third order was also made on a new petition for reorganization under Chapter X, 11 U.S.C.A. § 501 et seq.

(a) In No. 8475, the order directed the payment of fees to the trustee and the trustee's attorney. It also directed the trustee to pay moneys collected by him to the indenture trustee for the benefit of "the persons who are lawfully entitled thereto".

(b) In No. 8468, the order directed Peer, who had acted as collector of rents for the trustee, to turn over what he had collected in the months of July and August, and which he had refused to do.

(c) In No. 8472, the order dismissed a new petition filed under Chapter X. This petition was filed on the theory that the persons interested in the property of the dissolved corporation constituted an association, if not a corporation, within the definition of that term as used in Chapter X of the Bankruptcy Act. From this order, a third appeal has been taken.

We will dispose of Appeals Nos. 8468 and 8475 in this opinion. Appeal No. 8472, although for argument consolidated with the other two, is entirely separate and distinct from the other two appeals in its issues, legal questions and record. Its disposition will be the subject of a separate opinion.

Following is a historical statement of proceedings had in the District Court following the filing of this court's mandate.

July 9, '43. Motion of Witter to dismiss the proceedings pursuant to the mandate.

July 9. Petition of trustee in re rents collected by Peer before the filing of mandate.

July 22. Order "that the original petition heretofore filed herein be and the same is hereby dismissed pursuant to the mandate of the Circuit Court of Appeals of this circuit issued in Case No. 8098, and filed with the Clerk of this court on June 28, 1943."

The same order continued to August 25, the petition of the trustee in re rent collected by Peer, and continued also to that date the time for filing of trustee's Twelfth and Final Report; the order also directed

"That Fred E. Hummel, as Trustee in these proceedings, be and he is hereby directed to collect all August rents arising out of the property referred to in these proceedings and the tenants are hereby directed to pay such rents to the said Fred E. Hummel to be held by him subject to further order of this Court * * *."

July 28. Motion of Peer to vacate the order of July 22, except the first paragraph which dismissed the proceedings pursuant to mandate, on the ground that the court had no jurisdiction to hear any other matter save motion to dismiss the proceedings.

August 25. Order entered on trustee's July 9th petition, which recited that Peer had collected $7,033.40 rents from the property from July 1 to August 21, 1943. The order directed that said Peer turn over and deliver to the trustee, said amount of $7,033.40 and any other rents or income collected by him from the building operated by the trustee herein and directed said trustee to hold said sums pending the determination and further order of this court as to the disposition of the said funds.

August 25. Order continuing to September 2, motion to vacate parts of decree of July 22. It was continued several times until September 21.

September 7. Trustee's supplemental report filed. It was approved September 21.

September 14. Order dismissing new Chapter X proceedings instituted on theory of existence of an association.

September 21. Order (1) approving 12th, as well as 13th report of the trustee; (2) denying the motion of Peer filed on July 28, 1943, to vacate portions of the order of July 22, 1943. This order recited:

"The court finds that the services of Fred E. Hummel, trustee herein, are reasonably worth the sum of $1,750, and the compensation of said Fred E. Hummel is hereby fixed and allowed at the sum of $1,750, of which amount the sum of $1,000 was heretofore, under the order of December 7, 1942, paid to said trustee and * *.

"That said trustee reimburse himself out of the funds now in his hands for said balance of $750 due to him on account of such services and also pay his said attorney * * * said balance of $1,000."

The order then directed the trustee to turn over to the Heitman Trust Company, the debenture trustee, the balance of $16,254.11 remaining in his hands as trustee and assignment of the claim of Hummel against Peer under the turn over order, and directed the discharge of the trustee upon his compliance with the order.

September 23. The order first recited that the trustee's attorney had been allowed fees of $2,500, and added $1,750 trustee's fees, which fee was found reasonable, and the order then directed:

"It is Therefore Ordered that these fees, aggregating * * * $4250.00, plus * * * $75.00 paid by Fred E. Hummel to the petitioning creditors for printing their briefs, making a total of * * * $4325.00 be and they are hereby taxed as costs against the petitioning creditors.

"It is Further Ordered that judgment be entered in favor of the Heitman Trust Company as Trustee, to collect the said judgment and hold the persons who are lawfully entitled thereto, and against the petitioning creditors, G. J. Nikolas, G. J. Nikolas & Company, Inc., and Harry Foote, for the sum of * * * $4325.00, and execution to issue."

October 14. Notice of appeal in No. 8474 from the order of dismissal bearing date September 14.

October 19. Notice of appeal by Peer from the order of September 21 denying his motion to vacate parts of the order of July 22, also from the turn over order of August 25 and also from the order of September 21 approving the trustee's report and directing the trustee to pay himself and his attorney the fees allowed, out of the funds then in his possession.

October 22. Notice of appeal by Nikolas et al. from the order of September 23 taxing them with the trustee's and attorney's fees.

November 23. Findings and conclusion filed nunc pro tunc as of September 14, finding that the parties did not constitute an association that could file a Chapter X proceeding.

In appeal No. 8468. The Facts. Upon the filing, by Peer Manor Building Corporation, once an Illinois Corporation, of a voluntary petition for reorganization under provisions of Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the court took jurisdiction and proceeded with the reorganization. This petition was filed July 23, 1936. The debtor corporation was at the time, and had been, since June 18, 1934, dissolved for failure to file its reports and pay its Illinois franchise tax. The attention of the District Court, however, was not called to this fact. A large bond issue was unpaid, and in the reorganization the period of maturity of this bond issue was extended. At the expiration of such extension, the bond issue being still unpaid, several of the first mortgage bondholders, *and the indenture trustee,* filed a petition in the same bankruptcy proceedings, wherein they sought a second reorganization of this debtor corporation. This time, petitioners proposed a plan whereby stock was to be issued for the bonds. The application was resisted by a creditor, who, for the first time, called the court's attention to the dissolution of the corporation, more than two years prior to the filing of the original petition.

The second petition for reorganization was approved by the court, and a trustee was appointed who was ordered to take possession of the property of the debtor which consisted of a furnished apartment building. On appeal this court reversed the order approving the petition and appointing the trustee and remanded the cause, with instructions to dismiss the petition for lack of jurisdiction. For full statement of facts, see opinion of this court on the former appeal, 134 F.2d 839.

The District Court complied with our order by dismissing the petition but re-

tained jurisdiction to dispose of the moneys collected by the trustee and determine the amount that should be paid the trustee and his counsel for services rendered. Ultimately, the court entered an order, from which appeals No. 8468 and No. 8475 were taken, wherein it fixed the compensation of the trustee and his counsel and ordered their payment. The order also directed the trustee to turn over to Heitman Trust Company, the indenture trustee, under the trust deed, the sums remaining in his hands and also to assign to said Heitman Trust Company, said trustee's claim against J. Marshall Peer for the sum of $7,033.40, which said Peer had collected as the agent of said trustee. The court had previously entered an order, dated August 25, directing Peer to turn over to the trustee "the sum of $7,033.40 and any other rents or income collected by him" from the tenants of the building which had been operated by said trustee.

Disposition of this appeal turns upon the jurisdiction of the court to make any order other than to dismiss the proceeding.

■ In disposing of the previous appeal this court ordered the suit dismissed for want of jurisdiction. It did not, however, intend to prevent the District Court from awarding costs, nor did we intend that the moneys collected and held by the trustee should be retained by him or be not subject to disposition by order of the court which appointed him. In other words, the District Court correctly construed the order as a direction to it to dismiss, but with reservation to it to adjudge costs and make an appropriate order disposing of funds which had been collected by its appointed trustee.

No question is raised about the reasonableness of the allowance to the trustee or to his attorney, nor of the costs which had been incurred. Likewise, there is and can be no question about the propriety of directing the trustee to pay the moneys which he collected, to the Heitman Trust Company, the indenture trustee named in the trust deed which secured the outstanding bonds, aggregating $154,000.

■ Even though the mandate issued on the former appeal were to be construed to deny any jurisdiction to the District Court, this court would now correct its ruling in view of the facts concerning the moneys in the hands of the trustee, etc., for the first time now disclosed to us. They were not presented nor considered on the previous appeal. In Luminous Unit Co. v. Freeman-Sweet Co., 7 Cir., 3 F.2d 577, we had occasion to consider a somewhat similar question. There, an intervening decision by the U. S. Supreme Court, Simmons v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, caused the District Court to dispose of the litigation other than in accordance with our mandate. We approved its action and held that the law of the case did not prevent the correct disposition of the case when new facts, or a change in the law, newly presented, made the mandate inappropriate. It is true that only in rare cases does such a situation arise. Here, however, our mandate bore on the right to maintain the suit and not on the question of costs of the litigation or the trustee's and attorney's fees, nor upon the disposition of funds in the trustee's possession. Our mandate was silent as to these matters. It was not inconsistent with the course pursued by the District Court. The District Court did dismiss the suit, but it also passed on the allowance of compensation of its officers and directed its officers to pay moneys in their possession to the indenture trustee.

■ Appellant also objects because he was directed to pay to the trustee, moneys by him collected as the agent of the trustee, but withheld by him on the theory that the court was without jurisdiction to make a valid order compelling him to pay over the moneys he collected as said agent. Our patience over appellant's contentions is near the breaking point. Peer was merely an agent of the court's trustee. The money he collected was due the trustee for whom he acted as agent and for which the trustee and his bondsman were liable. He should be the last person to question the right of his principal to the moneys he collected as his agent. The principal was a court official. A bond given by the principal protected the creditors, doubtless, but honor and integrity called for Peer's respect for his principal's position of trust as an officer of the court.

The order of the District Court in Appeal No. 8468 is affirmed with costs.

■ Appeal No. 8475. The court ordered appellants as three of the petitioning creditors in the second bankruptcy proceeding to pay the sum of $4,325 to the Heitman Trust Company, the indenture trustee. This payment was to reimburse

said Heitman Trust Company for the sums paid to the bankruptcy trustee, his attorney, and a printing bill.

The correctness and reasonableness of these expense charges is not questioned. In fact, controversy is limited to the query, who should pay these charges? Should appellants, three of the petitioning creditors, pay them, or should they be paid out of the funds collected by the trustee during the pendency of the bankruptcy proceedings? The District Court directed their payment by appellants. This appeal is by them—they contend these charges are administrative expenses. In other words, the debtor estate received the benefit of the services of the trustee and his attorney and the estate should pay the expenses incident thereto.

We agree with them in this contention. The administrative charges being reasonable and proper the estate should pay them. The only possible ground for not doing so is our mandate directing the dismissal of the proceedings for want of jurisdiction.

To the argument that if the court was without any jurisdiction to make any order save one of dismissal, it was without jurisdiction to direct the deduction of the trustee's and the trustee's attorney's compensation from moneys collected, it would seem sufficient to say that if the court were without jurisdiction to direct the payment of the attorney's fees and the trustee's fees, it was also without jurisdiction to direct any sum be paid by the petitioning creditors. In other words, if there were an absolute failure of jurisdiction, the court could only dismiss the proceedings. It was as powerless to direct petitioning creditors to pay the costs as it was to allow compensation to the trustee.

■ We are of the opinion, however, that the court was not so wholly lacking in jurisdiction. 11 U.S.C.A. § 11(18) also § 646. Courts may entertain jurisdiction of a proceeding to ascertain the facts upon which their authority to proceed further depends. In doing so, costs may be incurred. The court may, in such a case, enter judgment disposing of the costs.

■ Here, the proceedings were in good faith. This court had previously held that a dissolved Illinois corporation was subject to adjudication as a bankrupt in an involuntary proceeding (In re Park Beach Hotel Bldg. Corp., 96 F.2d 886). The first plan of reorganization had failed the expectations of its promoters. The petitioning creditors in the new petition (against whom the expenses of administration were taxed) were not the original parties who instituted the first proceeding. They merely appeared in a pending proceeding and substituted a new plan. True, the proceedings wherein they appeared were in fact ended by the final decree of August, 1937. That decree, as we held, ended the court's jurisdiction of this debtor's estate. However, the District Court held otherwise and assumed that it had jurisdiction to reopen the bankruptcy estate of Peer Manor and consider the new plan. While the creditors were "going over and considering" the proposed new plan, the court appointed a trustee and directed him to take possession of the property. The trustee rendered valuable services for the estate. He collected a large sum of money which he turned over to the indenture trustee. The estate benefited by his services.

Moreover, it is worthy of note that the creditors against whom the court assessed the costs of administration were not the only intervening petitioners. The indenture trustee, the Heitman Trust Company, representing all the bondholders, was also a petitioning creditor. If it, as indenture trustee, was chargeable with the costs, it would distribute the administration expenses among all bondholders. Like effect would be reached if the court now directed said costs of administration to be paid out of moneys on hand which were turned over to the indenture trustee by the bankruptcy trustee. Certainly, the court was not justified in singling three of the petitioning creditors out and eliminating the fourth one, the indenture trustee.

The order in Appeal No. 8475 is modified by directing said administrative expenses to be paid out of moneys on hand and it is also modified by eliminating that portion which directs their payment by G. J. Nikolas, G. J. Nikolas and Company Inc., and Harry Foote. The costs in this court shall be paid from funds held by said indenture trustee.