In re LIBERAL MACK SALES, INC.,
f/d/b/a Doug's Diesel,
Alleged Debtor.

The FIRST NATIONAL BANK OF
LIBERAL, KANSAS, Plaintiff,

v.

LIBERAL MACK SALES, INC.; Douglas L. Radke; Sandra L. Radke; Mack Trucks, Inc.; Mack Financial Corporation; Cary L. Standiferd, Trustee in Bankruptcy, and Eden Van Lines, Inc., Defendants.

Bankruptcy No. 82–40139.
Adv. No. 82–0155.

United States Bankruptcy Court,
D. Kansas.

Nov. 9, 1982.

James W. McManus and Stuart E. Bodker of Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., and William R. Vincent, Topeka, Kan., for Mack.

Bruce J. Woner of Cosgrove, Webb & Oman, Topeka, Kan., for First National Bank of Liberal, Kan.

William R. Chambers, Mission Woods, Kan., for petitioning creditors.

Dan E. Turner, Topeka, Kan., for alleged debtor.

Cary L. Standiferd, Topeka, Kan., interim trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this involuntary chapter 7 proceeding, Mack Trucks, Inc. and Mack Financial Corporation (Mack) have filed a motion to dismiss the proceeding on the grounds that the Court lacks jurisdiction.

The issues presented for determination are:

1. Does the bankruptcy court have jurisdiction to preside over an involuntary chapter 7 proceeding filed against a dissolved Kansas corporation.

2. Should an order for relief be entered.

Briefs have been filed and the matter is ready to be resolved.

### FINDINGS OF FACT

On September 17, 1981 the Kansas Secretary of State forfeited the articles of incorporation of Liberal Mack Sales, Inc., the alleged debtor in this proceeding. After the forfeiture, Liberal Mack filed a voluntary chapter 11 petition, which was voluntarily dismissed in December, 1981.

In February, 1982 the instant involuntary chapter 7 proceeding was commenced against Liberal Mack by six petitioning creditors:

Tradewind Industries
Scheer Bros. Perfection Equipment
Foley Tractor
American Equipment & Trailer, Inc.
Clingan Tires, Inc.
Ken Rinehart

On March 29, 1982 the Court ordered that an interim trustee should be appointed. On March 31, 1982 Cary L. Standiferd was appointed as interim trustee.

In July, 1982 at the time of trial to determine whether the Court should enter an order for relief under 11 U.S.C. § 303, Mack Trucks, Inc. and Mack Financial Corporation (Mack) entered an appearance and suggested the involuntary proceeding should be dismissed because the Court lacked jurisdiction. Mack has since filed a written motion to dismiss.

In addition, the petitioning creditors in this involuntary proceeding have entered into the following stipulation with the alleged debtor:

### "STIPULATION

NOW, on this 12th day of July, 1982, come the Petitioning Creditors, by and through their attorney, William R. Chambers, and Liberal Mack Sales, Inc., by and through its attorney, Dan E. Turner, enter the following stipulation to the agreement.

1. That the trial of the above-entitled matter, was scheduled for July 12, 1982, at 9:30 a.m. That counsel has been attempting to resolve certain issues in this case, some of which have, and others which have not yet been resolved.

2. That counsel for the Petitioning Creditors filed his list of witnesses and exhibits with this court on or before July 1, 1982, and had such witnesses and exhibits ready for the production of testimony at the trial setting. That it is agreed and stipulated to by and between counsel for the parties, that those witnesses and exhibits need not be produced in open court, in forebearance of counsel's agreement to attempt to resolve certain issues by and between themselves and the trustee in this matter.

3. The counsel further agrees and stipulates that if said witnesses and exhibits were produced, the following testimony would be adduced:

a. Clark D. Stewart, 510 Lilac, Liberal, Kansas 67901, would testify that he is President of Tradewind Industries, Inc. in Liberal, Kansas. That Liberal Mack Sales, Inc. is indebted to Tradewind Industries, Inc. in the amount of $7,366.64. That this debt is for truck equipment and that no payments have been made to reduce the debt since June 5, 1981, although bills have been sent and demands have been made for payment.

b. J.E. McArthur, 1550 Southwest Street, Wichita, Kansas 67213. He would testify that he is Treasurer of Foley Tractor Company, Wichita, Kansas. Liberal

Mack Sales, Inc. is indebted to Foley Tractor Company in the amount of $13,896.70. That this debt is for parts and that no payments have been made to reduce the debt since March 4, 1981, although bills have been sent and demands have been made for payment.

c. Kenneth Scheer, 501 South St. Francis, Wichita, Kansas 67202. He would testify that he is President of Scheer Brothers Perfection Equipment Company in Wichita, Kansas. Liberal Mack Sales, Inc. is indebted to Scheer Brothers Perfection Equipment Company in the amount of $2,444.82 for merchandise, and that no payments have been made to reduce the debt since September 4, 1981.

d. Neil Walton, 610 North Grand, Amarillo, Texas 79120, would testify that he is Business Manager and Vice President of American Equipment and Trailer, Inc. in Amarillo, Texas. Liberal Mack Sales, Inc. is indebted to American Equipment and Trailer, Inc. in the amount of $4,003.57 representing the balance of an insufficient funds check written by Liberal Mack Sales, Inc. for merchandise, and that no payments have been made to reduce the debt since September of 1981, although bills have been sent and demands have been made for payment.

e. R.W. Clingan, Sr., P.O. Box 296, Liberal, Kansas, would testify that he is President of Clingan Tires, Inc. in Liberal, Kansas. Liberal Mack Sales, Inc. is indebted to Clingan Tires, Inc. in the amount of $8,477.80. That this debt is for tires, and that no payments have been made to reduce the debt since September of 1981, although bills have been sent and demands have been made for payment.

4. That the parties agree that the testimony that would have been adduced at a trial shows that the five Petitioning Creditors who would have testified are owed an aggregate of $36,189.53, and that no payments have been made to any of the Petitioning Creditors, by Liberal Mack Sales, Inc. in the regular course of business since September, 1981."

Thus, faced with an involuntary petition filed by more than three entities with claims totalling over $5,000, the alleged debtor has stipulated that it generally is not paying its debts as they become due.

## CONCLUSIONS OF LAW

### A. Jurisdiction.

■ In *Chicago Title and Trust Co. v. Forty-One-Thirty-Six Wilcox Bldg. Corp.,* 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 (1937), the Supreme Court held that a dissolved corporation's ability to avail itself of the bankruptcy laws depends on how the state in which it was incorporated defined its existence after dissolution. Construing Illinois law in 1937, the court stated dissolved corporations continued their capacity to collect debts, and sue and be sued for *two* years after dissolution. Forty-One-Thirty-Six Wilcox Bldg. Corp., however, did not attempt to file bankruptcy until *five* years after dissolution. Therefore, the Supreme Court held it no longer existed under state law and could not file bankruptcy.

*Chicago Title's* holding is limited in two respects. First, it involved a voluntary petition in bankruptcy, and the Supreme Court expressly did not decide the issue of involuntary bankruptcy proceedings brought against dissolved corporations. 302 U.S. at 124, 58 S.Ct. at 126. Other courts both before and after *Chicago Title* have held that involuntary petitions may be brought against a dissolved corporation that is still in existence. *In Re 211 E. Dela. Place Bldg. Corp.,* 76 F.2d 834 (7th Cir. 1935); *In Re Luftek,* 6 B.R. 539, 6 BCD 1083, 2 CBC2d 1351 (E.D.N.Y.1980). This is in accord with the Bankruptcy Code provisions providing that an involuntary chapter 7 petition can be filed against a "moneyed, business, or commercial corporation" if the corporation could have filed a voluntary chapter 7 petition. See 11 U.S.C. § 303(a), 109, 101(30), 101(8). Second, *Chicago Title* involved the existence of a dissolved corporation under *Illinois* law. Other courts have construed the law of states other than Illinois and have held that dissolved corporations can file bankruptcy petitions. The

various dissolution statutes generally give the dissolved corporation the power to wind up its affairs, and sue or be sued. For example, in *Mosaic Tile Co. v. Stabe Corp.*, 323 F.2d 274 (2nd Cir.1963), the Connecticut corporation statute had no time limit in which a dissolved corporation had to wind up its affairs. Therefore, although dissolved, the corporation still existed under Connecticut laws and was permitted to file a bankruptcy petition. In *In Re International Sugar Feed Co.*, 23 F.Supp. 197 (D.Minn.1938), a dissolved Minnesota corporation had three years to wind up its affairs, and within those three years, it filed a bankruptcy petition. The court allowed the filing because the corporation still existed under Minnesota law. Accord, *In Re Heark Corp.*, 18 B.R. 557 (D.Md.1982) (no time limit in Maryland in which dissolved corporations could sue or be sued and therefore corporation still existed when petition filed); *In Re Rust Control, Inc.*, 1 B.R. 303 (W.D.Va.1979) (same, construing Virginia law); *Old Fort Improvement Co. v. Lea*, 89 F.2d 286 (4th Cir.1937) (same, construing South Carolina law).

Two other cases have addressed the *Chicago Title* holding. In *In Re Peer Manor Bldg. Corp.*, 134 F.2d 839 (7th Cir.1943), a similar Illinois dissolution statute as that presented in *Chicago Title* was in issue. An involuntary bankruptcy petition was filed more than two years after the corporation was dissolved. Just as in *Chicago Title*, the dissolved corporation ceased to exist two years after dissolution, and the court accordingly held that an involuntary bankruptcy proceeding could not be brought against a nonexistent corporation. (In subsequent cases, the Seventh Circuit determined that Peer Manor Building Corporation was an unincorporated company or association subject to a bankruptcy proceeding. See *In Re Peer Manor Bldg. Corp.*, 143 F.2d 764 (7th Cir.1944) and 143 F.2d 769 (7th Cir.1944)).

In *In Re S & T Terry Contractors, Inc.*, 6 B.R. 84 (N.D.Ill.1980), a dissolved Illinois corporation was not allowed to reorganize under chapter 11. Without addressing the wisdom of this opinion [see *In Re Heark Corp.*, 18 B.R. 557, 560 (D.Md.1982)], it is distinguishable from the instant case because this Court is not presented with a reorganization petition and because K.S.A. § 17–6913 (1981) would appear to permit reorganization of dissolved Kansas corporations.

From all these cases, the Court synthesizes the following rule of law: An involuntary or a voluntary chapter 7 petition may be filed against or by a dissolved corporation while the dissolved corporation is still in existence under state law.

Kansas law provides:

*All corporations, whether they expire by their own limitation or are otherwise dissolved, including revocation or forfeiture of articles of corporation pursuant to K.S.A. 17–6812 or 17–7510, shall be continued, nevertheless, for the term of three (3) years from such expiration or dissolution or for such longer period as the district court in its discretion shall direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within three (3) years after the date of its expiration or dissolution, and for the purpose of such actions, suits or proceedings, the corporation shall be continued a body corporate beyond the three-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the district court.*

K.S.A. § 17–6807 (1981). This statute is patterned after the Delaware Corporation Code, Del.Code Ann. tit. 8, § 278. The Kansas statute appears indistinguishable

from the statutory powers given to dissolved corporations in *Mosaic Tile Co. v. Stabe Corp., supra;  In Re International Sugar Feed Co., supra;  In Re Heark, supra;* and *In Re Rust Control, Inc.* Furthermore, an involuntary chapter 7 petition in bankruptcy was filed against the instant dissolved corporation well within the three year period in which the dissolved corporation had to wind up its affairs.

Therefore, the Court holds that Liberal Mack Sales, Inc., though a dissolved Kansas corporation, nevertheless is still in existence under Kansas law and consequently an involuntary chapter 7 petition in bankruptcy may be filed against it, and this Court has jurisdiction over the bankruptcy proceeding.  28 U.S.C. § 1471.

Mack argues that only a Kansas district court may "take charge" of a dissolved corporation's property under K.S.A. § 17–6808 (1981) (emphasis added) which provides:

> *When any corporation organized under this act shall be dissolved in any manner whatever, the district court, on application of any creditor or stickholder of the corporation, or on application of any one, who, in the court's discretion, shows good cause therefor, at any time, either may appoint one or more of the directors of the corporation to be trustees, or may appoint one or more persons to be receivers, of and for the corporation, to take charge of the corporation's property, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation. The powers of the trustees or receivers may be continued as long as the court shall think necessary for the purposes aforesaid.*

K.S.A. § 17–6809 (1981) provides:

> *The district court shall have jurisdiction of the application prescribed in K.S.A. 17–6808 and of all questions arising in the proceedings thereon, and may make such orders and decrees and issue injunctions therein as justice and equity shall require.*

This statute is identical to Del.Code Ann. tit. 8, § 280 providing for jurisdiction in the Chancery Courts of Delaware. K.S.A. §§ 17–6808 to –6809 were enacted to clarify jurisdiction in dissolution actions. Previously, under K.S.A. § 17–3607, *any court, state or federal* could appoint a receiver or trustee in a dissolution proceeding. Now, only *district courts* may make the appointment. Based on the reference to chancery courts in § 280 of the Delaware Corporation Code, it is clear Kansas intended "district court" to mean state district courts and not federal district courts. If, however, a state statute continues a corporation's existence, how can the state nevertheless say that an existing entity cannot avail itself of or be subjected to the federal law? Such a construction by Mack of K.S.A. § 17–6808 to –6809 is in contravention of the Supremacy Clause of the United States Constitution. K.S.A. § 17–6808 is permissive, not mandatory. The statute does not require creditors to petition a state district court, and even if a creditor petition is filed, the statute does not require the district court to do anything. Rather, K.S.A. § 17–6808 says the district court "may"; the statute does not say the district court "shall." The Court does not believe the Kansas legislature intended that the procedure in K.S.A. § 17–6808 was intended to be an exclusive remedy. There is nothing in the Kansas statutes preventing a dissolved but existing Kansas corporation from filing a chapter 7 bankruptcy petition. The Court believes that the Kansas legislature in K.S.A. § 17–6808 merely provided a procedure for creditors to use the state court system for liquidation if they desired. This right is an alternative to the right these same creditors may also choose, the federal bankruptcy laws. Should an action to dissolve or liquidate in state court have been brought prior to the filing of this involuntary chapter 7, the state action may well have pre-empted the area [see *Lillard*

v. Lonergan, 72 F.2d 865 (10th Cir.1934)] Certainly abstention under § 305 of title 11 would, under those circumstances, be proper.

Therefore, the Court rejects Mack's contentions that this Court lacks jurisdiction, and denies Mack's motion to dismiss.

B.  Order for Relief.

Title 11 U.S.C. § 303 provides:

(b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 ... of this title—

(1) by three or more entities, each of which is ... a holder of a claim against such person that is not contingent as to liability ..., if such claims aggregate at least $5000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; ...

\*      \*      \*      \*      \*      \*

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed.  Otherwise, after trial, the Court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due; ...

■  Based on the stipulation entered into between the alleged debtor and the petitioning creditors, the provisions of § 303 have been met, and the Court orders that an order for relief is granted.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.