**In re CENTRAL TAXI SERVICE, INC., Debtor.**

**Bankruptcy No. 83–01614–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 9, 1983.

Barry H. Dubner, Miami, Fla., Paul D. Mark Lucas, Brandenton, Fla., for debtor.

William Roemelmeyer, Miami, Fla., Trustee.

## ORDER DENYING MOTION TO DISMISS

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks dismissal of this chapter 7 case because (a) the debtor/corporation was dissolved in December, 1981 and, therefore, was not eligible to be a debtor in bankruptcy and (b) the individual who signed the petition purportedly on behalf of the debtor had no authority to do so. (C.P. No. 19). The motion was heard on December 5.

Only a "person" may be a debtor in bankruptcy under chapter 7. 11 U.S.C. § 109(b). "Person" is defined in § 101(30):

"'Person' includes individual, partnership, and corporation, but does not include governmental unit."

The debtor was a Florida non-profit corporation which was dissolved involuntarily. The Florida statute specifies that involuntary dissolution of a corporation:

"shall not take away or impair any remedy available to or against such corporation ... for any right or claim existing, or any liability incurred, prior to dissolution"

for a period of three years. Fla.Stat. § 607.297.

A number of bankruptcy courts have concluded that a corporation dissolved under essentially similar statutes continues to be a "corporation" within the scope of § 101(30) during the statutory post-dissolution grace period. *E.g. In re Liberal Mack Sales, Inc.,* 24 B.R. 707 (Bkrtcy.D.Kan.1982). I cannot disagree.

■ The record before me is inconclusive as to whether the filing of this bankruptcy petition was authorized by a majority of the last directors of the corporation, who have authority to act for the dissolved corporation. Fla.Stat. § 607.301. We do not, however, reach this question here because the trustee lacks standing to challenge the authority of the agent who signed the papers for this debtor. Only the directors, stockholders or members of a non-profit have standing to question that act. *Collier on Bankruptcy* (15th ed.) ¶ 301.20[3] n. 18.

The motion to dismiss is denied.