In re Dennis **ANDERSON,** Willard Mabry, & Daniel J. Shrader, Individually and as Trustees for the Use and Benefit of Creditors and Shareholders of Dickerson Supply Company, Inc., Alleged Debtors.

Bankruptcy No. 88–04143–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

Dec. 12, 1988.

**154**

See also, Bkrtcy., 95 B.R. 703.

Douglas S. Evans, Springfield, Mo., for petitioning creditors.

Joseph W. Dicker, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., Victor Tell Neff, Jefferson City, Mo. for Daniel J. Shrader & Dennis Anderson.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

In this Chapter 7 case under the United States Bankruptcy Code (hereinafter the "Code"), various creditors of a cancelled foreign corporation seek involuntary relief pursuant to 11 U.S.C. § 303. The corporation, Dickerson Supply Company, Inc. (hereinafter the "Corporation"), is a validly-existing Minnesota corporation engaged in the wholesale distribution of sporting goods. That entity is totally owned by a Minnesota corporation whose principal place of business is located in Minnesota.

Prior to August 1986, the Corporation was authorized to transact business in Missouri as a foreign corporation. The Corporation maintained its main warehouse facility within the State of Missouri as well as other offices and various business assets used in its Missouri operations. A second warehouse facility was located in Louisiana.

On August 10, 1987, the Secretary of State of Missouri notified the Corporation that its authority to conduct business in Missouri as a foreign corporation had been forfeited and its certificate cancelled due to the nonpayment of certain corporate franchise taxes due and owing to the State of Missouri. In spite of the forfeiture and cancellation of its rights and privileges in Missouri, the Corporation continued to transact business within the State until at least August 12, 1988. When the forfeiture occurred, Messrs. Dennis Anderson, Willard Mabry, and Daniel J. Shrader (hereinafter "Debtors") were directors and officers of the Corporation. The aforementioned taxes remain unpaid. Thus, the forfeiture of the Corporation's corporate rights has not been rescinded.

There are in excess of twelve creditors holding claims against the Corporation. Three of these creditors, Smith & Wesson Corporation, Silstar Corporation of America, Inc., and Echlin, Inc. (hereinafter "Petitioners"), with aggregate claims exceeding $5,000.00, filed an involuntary bankruptcy petition against Debtors, both as individuals and as purported statutory trustees of the cancelled Corporation. Debtors filed a timely answer to Petitioners' involuntary petition through motions for a change of venue, dismissal of the case, sanctions, damages, and to require Petitioners to post a bond. At a hearing on November 9, 1988, this Court considered Debtors' motions, all of which were objected to by Petitioners, and permitted the parties to submit additional memorandum in support of their respective positions.

Debtors' primary argument advanced in support of their Motion to Dismiss is that Petitioners' Petition improperly joins each of the named Debtors in their individual capacities and as statutory trustees under § 351.525 Mo.Rev.Stat. Debtors specifically maintain that to the extent that the Petition purports to join Debtors in a joint petition in their individual capacities, it is improper and not authorized under 11 U.S.C. § 302. Such a Petition is defective, Debtors maintain, because a joint case must be voluntary and there is no Code provision for an involuntary joint petition. Debtors further argue that the sanctions of § 351.525 apply only to domestic, and not foreign, corporations that have forfeited their rights to transact business in Missouri.

The cornerstone of Petitioners' argument is that § 351.525 applies to foreign corporations and operated to strip the Corporation of its authority to transact business in Missouri and deny its legal existence in the State. Petitioners claim that without the corporate entity Debtors thereby became individually liable for the Corporation's debts. In Petitioners' view, their Petition is analogous to an involuntary bankruptcy petition filed against a partnership under 11 U.S.C. § 303(b)(3) and, therefore, does not represent an impermissible joinder of Debtors.

## PRIMARY QUESTION PRESENTED

Whether creditors of a foreign corporation that has forfeited its corporate rights in Missouri can obtain involuntary relief under Chapter 7 against the corporation's former directors and officers in their individual capacities or any other capacity.

## DISCUSSION

Involuntary bankruptcy petitions may be brought under Chapter 7 of the Bankruptcy Code against "a person ... who may be a debtor" under that chapter. 11 U.S.C. § 303(a). In their Petition, Petitions named Debtors in their individual capacities and as purported statutory trustees of the Corporation by operation of § 351.525 Mo.Rev. Stat. As the following discussion explains, neither group of Debtors named is a proper Chapter 7 debtor given the co-application of the appropriate Bankruptcy Code and state law provisions.

**156**

In the case of more than one "debtor", as that term is defined in 11 U.S.C. § 101(12), there is no provision in the Code for joint involuntary cases. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 321 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; also *King v. Fidelity Nat'l Bank of Baton Rouge,* 712 F.2d 188, 190 (5th Cir. 1983). Section 303 specifically directs that an involuntary petition may be commenced "only against a *person* [singular] ... that may be a debtor [and not debtors] under the Chapter under which such case is commenced". (emphasis added). There is no mention in this section of joint cases. Section 302, which is the Code's only provision for joint cases, provides that a joint case is commenced by the voluntary filing of a single petition by either an individual or that individual's spouse. Thus, read together, sections 302 and 303 indicate that the Code does not contemplate an involuntary joint petition. *In re Calloway,* 70 B.R. 175, 177 (N.D.Ind.1986). That, however, is the precise effect of Petitioners' filing against Debtors in their individual capacities and to this extent their Petition is defective.

With respect to Petitioners' naming of Debtors in their capacities as purported statutory trustees under § 351.525 Mo.Rev. Stat. there is no authority addressing the issue of whether one or more persons serving in this capacity may be a "debtors(s)" and the proper subject of an involuntary Chapter 7 petition. Because the claims in this case, however, are against a foreign rather than a domestic corporation, and because of the Court's belief that § 351.525 does not apply to the Corporation, the Court need not resolve this issue.

Statutory construction of Missouri's corporation laws indicates that § 351.525 does not apply to foreign corporations. The term "corporation" is defined under § 351.015(6) which provides that '[c]orporation' or 'domestic corporation' includes corporations organized under this chapter or subject to some or all of the provisions of this chapter *except a foreign corporation.* (emphasis added) The term "foreign corporation" is defined separately in § 351.015(7)

to mean "a corporation for profit organized under laws other than the laws of this state". Section 351.525 applies to "any corporation" but makes no reference to foreign corporations. Section 351.575 provides in pertinent part that "[a] foreign corporation which shall have received a certificate of authority under this chapter ... and until a certificate of revocation or of withdrawal shall have been issued as provided in this chapter, shall enjoy the same, but no greater, rights and privileges as a domestic corporation; and except as in this chapter otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character". Nevertheless, this statute has never been construed to subject a foreign corporation to the sanctions of § 351.525. Instead, Courts have interpreted § 351.575 to mean that a foreign corporation's charter and the laws of its domicile govern the fact and duration of the corporation's existence. *Pacific Intermountain Express Co. v. Best Truck Lines, Inc.,* 518 S.W.2d 469, 471–72 (Mo.App.1974). Thus, in the event of a foreign corporation's forfeiture of its authority to transact business, the laws of the state in which the corporation was incorporated determine whether it may sue and be sued in its corporate name. *Riley v. Best Truck Lines, Inc.,* 510 S.W.2d 229, 233 (Mo.App.1974).

Similarly, to determine the status of a foreign corporation dissolved by virtue of forfeiture and its amenability to suit in bankruptcy, this Court should look to the laws of the corporation's domicile. *In re Liberal Mack Sales, Inc.,* 24 B.R. 707, 709 (D.Kan.1982). In the context of voluntary bankruptcy, the United States Supreme Court has consistently held that a corporation's ability to avail itself of the bankruptcy laws depends on how the state in which it was incorporated defines its existence after dissolution. *Chicago Title and Trust Co. v. Forty–One–Thirty–Six Wilcox Bldg. Corp.,* 302 U.S. 120, 127–28 58 S.Ct. 125, 128, 82 L.Ed. 147 (1937). Persons who may be debtors under Chapter 7 and the subject of an involuntary bankruptcy proceeding include dissolved corporations. 11 U.S.C.

§ 109(b). See *In The Matter of Luftek, Inc.*, 6 B.R. 539, 541–42 n. 3 (E.D.N.Y.1980). Courts have uniformly held, however, that a voluntary or involuntary Chapter 7 petition may only be filed against a dissolved corporation that is still in existence. *In re Liberal Mack Sales, Inc.*, 24 B.R. 707, 710 (Bkrtcy.Kan.1982). This rule of law is consistent with 11 U.S.C. § 303(a) which provides that an involuntary chapter 7 petition can be filed against a "moneyed, business, or commercial corporation" if the corporation could have filed a voluntary chapter 7 petition. *Id.* at 709.

In the case before us, the Corporation was incorporated in the State of Minnesota. To determine whether the Corporation is a person who may be a debtor in this involuntary bankruptcy proceeding, we then look to Minnesota law, specifically § 300.59 Minn. Laws (1984). This section provides that a Minnesota corporation dissolved by forfeiture may continue its existence for three years after its termination to wind up its affairs. The effective date of this termination in Missouri is when the Secretary of State records the cancellation upon the corporate records. § 325.525 R.S.Mo. (1980). With respect to voluntary bankruptcy filings, Minnesota recognizes a corporation's ability to file provided it does so within the three year period. *In re International Sugar Feed Co.*, 23 F.Supp. 197 (D.Minn.1938). This it appears that for three years from August 10, 1987, the proper party against which the Petitioners should seek relief is the corporation itself. Certainly if the last officers or directors of that entity have received property of the Corporation, a trustee in bankruptcy possess the proper tools to effect an appropriate remedy.

Because of the result reached by the Court in regard to the primary question raised, it is unnecessary to consider the issues of venue, personal liability of individual officers and directors of a cancelled corporation, or whether the debts of the Petitioners are contingent, undisputed and liquidated. Even were the Court to decide each and every such issue in favor of the Petitioners, the proceeding still would need to be dismissed and thus to do so would benefit no one, least of all any gentle reader of these several pages.

Finally, the Court finds that there is insufficient evidence of bad faith or impropriety on the part of petitioners to impose sanctions or require bonds as requested by Debtors. The Court will dismiss the petition at this time, allowing each side to retreat and lick their respective wounds without applying salt thereto.

### CONCLUSION

Petitioners' Petition is defective in that it improperly names Debtors in their individual capacities and as purported statutory trustees under Missouri's corporate forfeiture laws. These defects are fatal to the filing of the Petition and this case should, therefore, be dismissed and hereby is.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.