In re BLACKOAKS, INC., Debtor.

Bankruptcy No. 1–90–00935.

United States Bankruptcy Court,
N.D. Ohio, W.D.

May 25, 1990.

V. Robert Candiello, Toledo, Ohio, for debtor.

Kenneth C. Baker, Toledo, Ohio, for petitioners.

## OPINION AND ORDER DENYING MOTION TO DISMISS AND GRANTING RELIEF

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon petitioners' involuntary case of which Debtor has requested dismissal. Upon consideration thereof, the court finds that Debtor's motion is not well taken and should be denied and that an order for relief under chapter 7 should be entered against Blackoaks, Inc.

### FACTS

On March 23, 1990, petitioners, Trans-America Commercial Finance Corporation, Gerlinger Equipment Company and McGranahan Distributing Company, filed an involuntary case under chapter 7 against the above named Debtor alleging that petitioners' claims meet the requirements of 11 U.S.C. § 303; that Debtor's principal place of business has been within this district for the 180 days preceding the filing of this petition; that Debtor is a person against whom an order for relief may be entered; and that Debtor is generally not paying its debts as they become due. A summons issued on petitioners' petition on March 23, 1990 and was served by certified mail on March 26, 1990. On April 16, 1990, Debtor filed a motion to dismiss creditor's petition for the reasons that Debtor has voluntarily dissolved its corporation charter with the State of Ohio on April 5, 1990 and that there no longer remains a viable entity in which to process a proper bankruptcy case.

### DISCUSSION

■ Petitioners request entry of an order for relief under chapter 7 of title 11. Section 303(a) of title 11 permits the filing of "an involuntary case ... under chapter 7 ... against a person ... that may be a debtor under the chapter under which such case is commenced." "Person" as defined in 11 U.S.C. § 101(35) includes a corporation. Upon review of the record, the allegations of petitioners and Debtor's attachments to its motion to dismiss, the entity against which petitioners seek an order for relief is a corporation and is, thus, a person against which an involuntary case under chapter 7 may be commenced.

Debtor seeks dismissal of the instant petition for the reasons that it has dissolved its corporation charter and no longer remains a viable entity. At the outset, the court notes that Debtor initiated dissolution after the filing of petitioners' involuntary petition. That is, the involuntary petition was filed on March 23, 1990; Debtor states that "on April 5, 1990 the within named Company voluntarily dissolved its Corporation Charter." Debtor's Motion to Dismiss at 1. Thus, the court finds that the involuntary petition was properly filed against Debtor as it was an entity eligible for relief under chapter 7 and against which an involuntary petition may be filed.

■ Furthermore, an involuntary petition may be filed against a dissolved corporation. *In re Zoomaire, Inc.*, 47 B.R. 628 (Bkrtcy.S.D.Ohio 1985) (citing *In re Thomas*, 78 F.2d 602 (6th Cir.1935)). *See also In re Anderson*, 94 B.R. 153 (Bkrtcy.W.D.Mo. 1988) (persons who may be Debtors under chapter 7 and the subject of an involuntary proceeding include dissolved corporations pursuant to § 109(f); the court, however, dismissed that involuntary petition as a result of a defective joint filing improperly naming Debtor in two capacities); *In re Liberal Mack Sales, Inc.*, 24 B.R. 707, 9 B.C.D. 1119 (Bkrtcy.D.Kan.1982) (the court synthesizes the following rule: an involuntary or a voluntary chapter 7 petition may be filed against or by a dissolved corporation while the dissolved corporation is still in existence under state law).

As previously stated, Debtor did not initiate dissolution until after the filing of the instant involuntary petition. Furthermore, even if Debtor is currently dissolved, an involuntary petition, as discussed, may be filed against Debtor. The court having found that Debtor's motion to dismiss is not well taken, next considers the allegations in petitioners' involuntary petition.

Pursuant to 11 U.S.C. § 303(b)(1), an involuntary case is commenced by the filing of a petition

> by three entities ... each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ... if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims.

Upon review of petitioners' involuntary petition, the court finds that three entities have filed the petition, holding claims against Debtor that are not contingent or subject to dispute, and that aggregate $5,000 in excess of the value of liens held by them. Additionally, according to the undisputed allegations of petitioners, Debtor is not generally paying its debts as they become due. Because, pursuant to 11 U.S.C. § 303(h), petitioners' involuntary petition has not been timely controverted, as, Debtor's motion to dismiss is found not well taken, the court finds that an order for relief under chapter 7 should be entered. It is therefore

ORDERED that Debtor's motion to dismiss creditor's petition be, and it hereby is, denied. It is further

ORDERED that an order for relief under chapter 7 of title 11 of the United States Code is granted. It is further

ORDERED that V. Robert Candiello, attorney for Debtor, file with the court within 15 days all documents required under Rule 1007, including a current budget, schedules and statement of affairs under chapter 7 and fee disclosure statement required under Bankruptcy Rule 2016(b). It is further

ORDERED that the U.S. Trustee shall appoint an interim trustee pursuant to § 701(a) of the Bankruptcy Code.