In re **ETHANOL PACIFIC, INC.**, Debtor.

Bankruptcy No. 94–00114.

United States Bankruptcy Court,
D. Idaho.

April 5, 1994.

D. Blair Clark, Ringert Clark, Chartered, Boise, ID, for debtor.

Ron Kerl, Service, Gasser & Kerl, Pocatello, ID, for petitioning creditors.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

In response to the filing of an involuntary chapter 7 petition against it, Ethanol Pacific, Inc. ("debtor") admits the petitioners, Minnesota Corn Processors, Chief Ethanol Fuels, Inc., and Cargill, Inc. (collectively "petitioners") are persons eligible to file an involuntary petition pursuant to 11 U.S.C. 303(b),[1] and also admits it is a person against whom relief may be entered[2] under title 11 of the United States Code, but denies it is not paying its debts as they become due.[3] Addi-

---

1. 11 U.S.C. § 303(b) provides in part:

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; ....
11 U.S.C. § 303(b)(1).

2. 11 U.S.C. § 303(a) provides:

An involuntary case may be commenced only under chapter 7 or 11 of this title, and only

against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.
11 U.S.C. § 303(a).

3. 11 U.S.C. § 303(h) provides in part:

[A]fter trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute; ....
11 U.S.C. § 303(h)(1).

tionally, the debtor contends the petition was not filed in good faith and that a chapter 7 order for relief should not be entered. Trial on the issues was held after the parties filed a stipulation of facts.

## I.

### FACTS

Prior to March 31, 1993, the shareholders of the debtor were Harry W. Griffiths, Max A. Eiden, Hollice Seim, and David Samuelson. Griffiths owned 50% of the stock and Eiden, Seim, and Samuelson each owned approximately one third of the remaining stock.

During 1993, the debtor made dividend distributions of $33,749.27.

On or about April 23, 1993, the debtor borrowed $200,000.00 from West One Bank for the purpose of repurchasing the stock of Eiden, Seim, and Samuelson. As part of the loan transaction, the Bank obtained a security interest in all of the property of the debtor. Griffiths and Fearless Farris Wholesale guaranteed the loan. In exchange for the guarantee Fearless received a security interest in the stock surrendered by Eiden, Seim, and Samuelson. The debtor paid the debt to West One between May 3, 1993 and August 25, 1993.

On October 8, 1993, the debtor notified its creditors that it intended to liquidate. The debtor ceased all business operations in October of 1993. On November 24, 1993, the debtor distributed all of its cash assets (including the proceeds from the sale of its inventory and the collection of accounts receivable) to its creditors. Taxes due were paid in full and the balance of $128,547.36 was distributed to the remaining creditors. At that time the debtor's total non-tax liability was $467,427.48. Thus, the creditors received approximately twenty-six cents on the dollar.

The debtor filed articles of dissolution with the Idaho Secretary of State on January 21, 1994. The state issued a certificate of dissolution on January 27, 1994.

## II.

### DISCUSSION

■ Dissolution does not necessarily preclude a corporation from eligibility for bankruptcy:

> The eligibility of a dissolved corporation for relief under the Bankruptcy Code depends on the continuing existence of the corporation after the dissolution under the applicable local law.

*In re Aurora Investments, Inc.*, 134 B.R. 982, 984 (Bankr.M.D.Fla.1991) (*citing In re Markus Enterprises, Inc.*, 91 B.R. 459, 460 (Bankr.M.D.Tenn.1988)); *see also In re Wine Farms, Inc.*, 94 B.R. 410, 411 (Bankr. W.D.Va.1988). Similarly, whether a corporation is subject to an involuntary petition depends upon the law of the state in which it was incorporated. *In re Anderson*, 94 B.R. 153, 156 (Bankr.W.D.Mo.1988) (determining the eligibility of dissolved foreign corporation for involuntary bankruptcy); *In re Cardon Realty Corp.*, 124 B.R. 630, 634 (Bankr. W.D.N.Y.1991); *In re Blackoaks, Inc.*, 116 B.R. 550, 551 (Bankr.N.D.Ohio 1990).

With regard to the continued existence of a dissolved corporation Idaho law provides:

> The dissolution of a corporation ... by the issuance of a certificate of dissolution by the Secretary of State ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within two (2) years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim....

Idaho Code § 30–1–105.

The debtor was dissolved by the issuance of a certificate of dissolution and remains liable on all claims. The debtor is capable of suing and being sued. Accordingly, the debtor is eligible for relief under chapter 7.

■ The debtor does not dispute its eligibility as a dissolved corporation for relief under title 11. Rather, the debtor contends that since it has liquidated its assets the petitioners cannot show the debtor is "generally not paying its debts as they become due." 11 U.S.C. § 303(h)(1). The debtor cites *In re Tarletz*, 27 B.R. 787, 789 (Bankr. D.Colo.1983), for the proposition that by liquidating its assets, the debtor is generally paying its debts as they become due. However, all the factors set forth in *Tarletz* suggest the opposite:

> The cases disclose that the courts have used four factors in determining whether a debtor is generally not paying his debts: the number of debts, the amount of delinquency, the materiality of nonpayment and the nature of the debtor's conduct of his financial affairs.

*Tarletz*, 27 B.R. at 789.

The debtor has paid its creditors approximately one quarter of the amount they are owed and proposes not to pay any of its creditors any more. Over $300,000 remains due. The record shows the debtor has at least thirteen unpaid creditors including the petitioners. The debtor has not made a payment to any creditor since November of 1993. Accordingly it is found the debtor is not generally paying its debts as they become due.

■ In the alternative, the debtor contends that since it has already liquidated its assets and distributed them to its creditors on a pro rata basis, the purposes of a chapter 7 liquidation have already been served and the involuntary petition should be denied.

■ Pursuant to 11 U.S.C. § 305(a) the Court may dismiss an involuntary petition for relief if "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). When considering dismissal under section 305(a)(1), courts have examined a variety of factors including:

(1) whether the case involves issues of unsettled non-bankruptcy law,

(2) the availability of another forum,

(3) economy and efficiency of administration,

(4) prejudice to the parties, and

(5) the purposes of bankruptcy.

*In re Realty Trust Corp.*, 143 B.R. 920, 926 (Bankr.D.N.Mariana Islands 1992) (*citing In re Business Information Co.*, 81 B.R. 382, 387 (Bankr.W.D.Pa.1988)); *see also In re Powers*, 35 B.R. 700 (Bankr.W.D.Mo.1984).

■ The purposes of bankruptcy include the marshalling and fair distribution of the debtor's assets, the financial rehabilitation of the debtor, and, in the case of an individual debtor, giving the debtor a fresh start.

Here, the debtor is a voluntarily liquidated corporation with no proposal or plan to continue doing business. The primary purpose of this case would be the marshalling and distribution of assets. While the debtor has distributed slightly more than $200,000 in assets, the debtor was not able nor did it attempt to collect all assets of the estate before liquidation. As discussed above, the debtor repurchased half of its stock for over $200,000.00 on the eve of dissolution. The fact that within six months of this transaction the debtor was able to pay only a quarter of its debts indicates the repurchase may have been either a preference or a fraudulent transfer. A successful preference action would increase the amount of cash available for the payment of unsecured claims. In addition, the dividends issued to the shareholders and loan repayments may also be recoverable. Accordingly, it is found the present proceeding may enhance amounts available to creditors.

There do not appear to be any unsettled matters of state law at issue and there is no state action pending. Although an action for fraudulent transfer might be brought in state court, a preference action may only be brought in proceedings under title 11, United States Code. There is no indication the debtor is attempting a voluntary workout with the remaining creditors. Nor is there any indication of bad faith of the part of the petitioners.

Accordingly, it is concluded it is in the best interests of the debtor's creditors to proceed under title 11. The Court will issue a separate order granting relief pursuant to the involuntary petition.