In re: RUST CONTROL, INC.,
Bankrupt.

Bankruptcy No. 79–00756.

United States Bankruptcy Court,
W. D. Virginia.

Nov. 19, 1979.

L. C. Musgrove, Esq., Roanoke, Va., counsel for objecting creditors.

Leon R. Kytchen, Roanoke, Va., counsel for the debtor.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue here is whether or not Rust Control, Inc., a corporate entity whose charter has been revoked by the State Corporation Commission of Virginia possesses sufficient authority to file and prosecute in its own name, a voluntary petition seeking its liquidation in the Bankruptcy Court.

The facts are not in dispute, and essentially are as follows:

Rust Control, Inc. was incorporated under the corporate statutes of Virginia and its charter granted by the State Corporation Commission of Virginia on July 1, 1975; that by virtue of its failure to comply with the corporate statutes of Virginia its charter was revoked on June 1, 1977, and reinstated on August 25, 1977; that again, on June 1, 1979, the corporate charter was revoked and dissolved and has not been reinstated to this date.

On September 19, 1979, this Corporation, in its own name, upon a petition signed by its president, filed said petition and was thereupon adjudicated a Bankrupt. The estate is now before this Court for administration.

Certain Creditors of the Bankrupt, to-wit: · Southwest Virginia Carpenters Trust Fund and Southwest Virginia Carpenters Pension Fund, by Counsel, filed herein written motions seeking dismissal of the petition upon the grounds that the said charter has been revoked, the corporation dissolved, and hence, has no capacity to file said petition or act herein.

This corporate charter is a creature of the Statutory Laws of Virginia. These statutes govern its creation, existence and demise. The pertinent Statute in Virginia governing the question here is *Virginia Code Section*

13.1–101.[1] This Section governs the powers and authority of corporate officers, directors or stockholders in this liquidation or dissolution activities. This Statute is a complete departure from the Common Law Rule. The Common Law provided that a corporation's life ceased to exist for all purposes immediately upon its charter termination. See generally, 12 *U.Rich.L.R.* 358, where the author points out that the common law rule precluded suits for or against such terminated corporation. An examination of State Statutory Law is required in determining whether or not authority to file a petition exists. See *Chicago Title, etc. v. Wilcox Bldg., etc.* (1937) 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147.

The filing of a voluntary petition in bankruptcy is one of the classic means of liquidating a defunct corporation. The orderly processes of the bankruptcy statutes administered in the Bankruptcy Court protect the rights of all creditors in accordance with the validity and priorities of their respective claims. It also provides remedies for recovering property and voiding preferences which may have been granted some creditors. This being so, the Court must assume that the legislature contemplated a voluntary petition in bankruptcy as one of the means empowering officers, directors and shareholders of the dissolved corporation, to proceed as is provided in Section 13.1–101 "in its corporate name". See also *U. S. v. Village Corporation* (4 Cir. 1962) 298 F.2d 816.

 The creditors further moved the Court to require the filing of petitions for other companion corporations in Bankruptcy Court. This remedy rests in the filing of a voluntary or involuntary petition by the trustee or other appropriate creditors pursuant to *Bankruptcy Act* Section 18 (11 U.S.C. Sect. 41) and *Bankruptcy Rule* 111.

Accordingly, it is the conclusion of the Court that Rust Control, Inc. possessed sufficient authority to file a petition herein, and that the Motion to Dismiss should be, and the same is hereby ORDERED denied.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Bankrupt; Leon R. Kytchen, Esq., Counsel for the Debtor; F. P. Pulley, III, Esq., Trustee; and Lawrence C. Musgrove, Esq., Counsel for Southwest Virginia Carpenters Trust Fund and Southwest Virginia Carpenters Pension Fund.

---

1. 13.1–101. *Survival of remedy after dissolution.*—"The dissolution or expiration of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or stockholders, for any right or claim existing or any liability incurred, prior to such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The stockholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. (1956, c. 428.)"