In re Ronald W. STALEY, t/a Bi-State Ventilations, Debtor.

MINING ENVIRONMENTS, INC., Plaintiff,

v.

Ronald W. STALEY, t/a Bi-State Ventilations, Defendant.

Bankruptcy No. 7–82–00367.
Adv. No. 7–84–0108.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Oct. 16, 1984.

Robert T. Copeland, Abingdon, Va., for debtor-defendant.

C. Adrian White, Bristol, Va., for plaintiff.

Cynthia D. Kinser, Pennington Gap, Va., Chapter 7 Trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

Ronald W. Staley, t/a Bi-State Ventilations, filed a Chapter 7 liquidation case in this court on March 19, 1982. Thereafter, Mining Environments, Inc., Plaintiff, filed the within Complaint seeking a determination that its claim against the Debtor in the sum of $71,283.73 was nondischargeable. In response thereto, the Defendant filed its answer and motion to dismiss or, in the alternative, motion for summary judgment pursuant to *Federal Bankruptcy Rule* 7012. For the reasons hereafter stated, the motion to dismiss or, in the alternative, motion for summary judgment, is DENIED.

The substance of the motion of the Defendant relates to the fact that the Plaintiff, a Virginia corporation chartered by the State Corporation Commission of Virginia, has been involuntarily dissolved by order of the State Corporation Commission on June 1, 1984, as appears from certified copies of the Notice of Revocation filed herein. The Defendant contends that the Plaintiff is without capacity to prosecute this adversary proceeding which, in effect, seeks to recover a nondischargeable debt as an asset of the Plaintiff.

At common law, corporate existence ceased for all purposes immediately upon the termination of its charter. *See,* generally, 12 U.Rich.L.R. 358, where the author points out that the common law rule precludes suits for or against such terminated corporation. Therefore, an examination of state statutory law is required in a determination of residual authority of a corporation subsequent to its charter termination. *See Chicago Title, etc. v. Wilcox, etc.* (1937), 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147. *See,* also, 4B *Michie's Jurisprudence —Corporations,* § 276.

The pertinent statutory authority in this Commonwealth relating to corporate dissolution and existing authorities and powers is set forth in *Virginia Code* Section 13.1–101, which states as follows:

> **Survival of remedy after dissolution.** —The dissolution or expiration of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers, or stockholders, *for any* right or claim existing or any liability incurred, prior to such dissolution. Any *such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.* The stockholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. (1956, c. 428.) (emphasis added)

The common law rule, therefore, is now superseded by statutory law governing the activities of dissolved or disenfranchised corporations. The statute specifically provides that an action to recover property or assert a remedy in doing so is authorized and may be prosecuted or defended by the corporation in its corporate name.

This court had occasion to apply § 13.1–101 in the case of *In re Rust Control, Inc.* (W.D.Va.1979), 1 B.R. 303. There, creditors moved to dismiss a voluntary petition filed by the dissolved corporation, contending that such corporation was without authority to file a petition in this court for the purpose of winding up its financial affairs. In considering the motion, this court held that § 13.1–101 authorized the filing of the petition. There is

little discernible difference between a corporation whose charter has been revoked proceeding as a petitioner in this court and proceeding as a Plaintiff in the within adversary proceeding pursuant to *Federal Bankruptcy Rule* 7001, since the substance of the Complaint is to effect a remedy and recover assets for the benefit of the revoked corporation.

Accordingly, the motion to dismiss or, in the alternative, motion for summary judgment, shall be overruled and this case set down for trial on the merits, and an Order will accordingly be so entered.

Service of a copy of this Memorandum Opinion shall be made by mail to the Debtor-Defendant, Debtor's Attorney, Trustee, and to counsel for Plaintiff.