**In re WINE FARMS, INC., Debtor.**

**Bankruptcy No. 5-88-00358.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Dec. 15, 1988.

Paul Scanlon, Manassas, Va., for debtor.

Douglas T. Stark, Harrisonburg, Va., for Telmark, Inc.

John W. Sills, III, Staunton, Va., for The Farm Credit Bank of Baltimore.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court for decision involves a motion by Ernest W. Wine and Judy C. Wine (the Wines), asking this court to vacate the order for relief entered in the above-captioned Chapter 11 proceeding. The issue to be decided is whether a corporation is eligible to be a debtor under Chapter 11 of Title 11 of the Bankruptcy Code if it has been dissolved by operation of Virginia law as of the petition date. The issue has been briefed by all of the parties and they have been heard in oral argument.

### Facts

Wine Farms, Inc. (the debtor) filed a Chapter 11 petition on July 29, 1988. This filing occurred just prior to a scheduled foreclosure sale of the debtor corporation's property. The caption of the petition shows the corporation as the debtor with the notation of the Wines as successors in interest for the corporation as a dissolved corporation. The statement of affairs filed by the debtor indicates that Mr. Wine is the president of the debtor corporation and that Mrs. Wine is the treasurer of the debtor. Further, the Wines hold all of the capital stock of the corporation.

Subsequent to the filing, Telmark, Inc. and The Farm Credit Bank of Baltimore, secured creditors of the debtor corporation (herein the secured creditors), filed a motion to identify the debtor requesting that this court enter an order determining that the debtor in this case is Ernest C. Wine and Judy S. Wine, acting solely in their respective capacities as trustees in liquidation of Wine Farms, Inc., a dissolved Virginia corporation. In addition, the secured creditors filed a motion to convert to Chapter 7 taking the position that the Wines do not have the power and capacity to commence a reorganization proceeding under Chapter 11 of the Bankruptcy Code for the debtor corporation. The secured creditors also filed a motion to dismiss asserting that there was no corporate debtor entitled to relief under the United States Bankruptcy Code. On August 19, 1988, the secured creditors filed a motion for relief from the automatic stay. All of the motions filed by the secured creditors were scheduled for hearing on September 20, 1988. At that time the court heard the motion for relief from stay first. At the conclusion of the hearing, the court determined that the secured creditors were entitled to relief from the stay and instructed that counsel for Telmark, Inc. prepare and file with the court an order granting relief from the automatic stay. As a result of the ruling on the motion to lift the automatic stay, the court took the secured creditors' motion to convert under advisement and the motion to dismiss and the motion to identify were withdrawn by the secured creditors in open court.

On September 29, 1988, the Wines filed a motion to vacate the order for relief and as grounds therefor asserted that they could not be debtors and that a dissolved corporation could not be a debtor in a Chapter 11 proceeding. In filing the motion to vacate the order for relief, the Wines have been candid in stating to the court that they wish to avoid the entry of the order lifting the automatic stay. Their position is that the order for relief from the stay cannot be entered by the court if there is not a case pending before the court which was filed by a debtor eligible to be in Chapter 11. On October 17, 1988, the court heard the motion to vacate the order for relief. Having considered the oral arguments of the parties and the briefs which they have filed the court makes the following determination.

### Law

■ A dissolved corporation's ability to avail itself of the bankruptcy laws depends on how the state in which it was incorporated defines its existence after dissolution. *Chicago Title and Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 125, 58 S.Ct. 125, 127, 82 L.Ed. 147 (1937). The Wines rely on the *Chicago Title* case for the general proposition that a dissolved corpo-

ration cannot be a debtor in a Chapter 11 proceeding. However, an examination of the *Chicago Title* opinion reveals that it is fact specific and relates to the status of a dissolved corporation under the law of the State of Illinois. The specific facts which resulted in the ruling by the Supreme Court in *Chicago Title* are distinguishable from the facts in the case at bar so that the ultimate result in *Chicago Title* does not dispose of the case at bar.

11 U.S.C. § 109(d) states as follows: "Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title." 11 U.S.C. § 101(35) includes in its definition of "person" a corporation. Thus, it appears that Congress intended that if a corporation could be a debtor in a Chapter 7 proceeding, then it could be a debtor in a Chapter 11 proceeding.

■ In the Western District of Virginia a corporate debtor which has ceased to exist by operation of state law may be a debtor in a Chapter 7 proceeding. *In re Rust Control, Inc.,* 1 B.R. 303, 304 (Bankr. W.D.Va.1979). Consistent with the holding in *Chicago Title,* the *Rust* decision is grounded in an interpretation of section 13.1–101 of the Code of Virginia entitled "Survival of Remedy After Dissolution." *Rust,* at 303–304. The successor to section 13.1–101 of the Code of Virginia is 13.1–755 which states as follows:

> The termination of corporate existence shall not take away or impair any remedy available to or against the corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to such termination. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim.

Va.Code Ann. § 13.1–755 (1985).

Absent an ulterior motive such as that seen in the facts of the *Chicago Title* case

(reorganizing a corporation which could not be legally revived under state law), this court sees no basis for distinguishing between the eligibility of a debtor to file a Chapter 7 proceeding as opposed to a Chapter 11 proceeding when it has been terminated by the state. *In re Vermont Fiberglass, Inc.,* 38 B.R. 151, 154–155 (Bankr.Vt. 1984), held that a corporation terminated by state law could not be revived through Chapter 11 and distinguished Chapter 11 from Chapter 7 on the ground that the state statute in Vermont for survival of remedies after dissolution (similar in language to section 13.1–755, *supra*) was intended to assist the corporation in winding up its affairs and since Chapter 11 has as its goal rehabilitation, the state statute was not broad enough to authorize the filing of a Chapter 11. This court interprets the survival remedies of a Virginia corporation under Virginia law more broadly and such an interpretation is supported by the fact that Chapter 11 may be used for winding up corporate affairs. 11 U.S.C. § 1123(b)(4) and section 1129(a)(11) contemplate that Chapter 11 of the Bankruptcy Code is available to a debtor for liquidation in an orderly fashion. Thus, Chapter 11 can be used to wind up the corporate affairs of a corporation which has been dissolved by operation of state law. Therefore, this court holds that 11 U.S.C. § 109(d) permits a dissolved corporation which might be a debtor under Chapter 7 of the Bankruptcy Code to be a debtor under Chapter 11 of the Code when to do so would not permit the debtor to circumvent a state dissolution law.

■ There is an additional reason which justifies the holding in this case. It is clear that the debtor corporation was in a dissolved status as of the date of the filing of its petition for relief. However, after the filing of the petition for relief, the debtor corporation, through its officers and directors, requested reinstatement of the corporation under section 13.1–754 of the Code of Virginia. On or about September 12, 1988, the State Corporation Commission reinstated the debtor's charter. Pursuant to section 13.1–754: "Upon the entry by

the Commission of an order of reinstatement, the corporate existence shall be deemed to have continued from the date of termination of corporate existence except that reinstatement shall have no effect on any question of personal liability of the directors, officers or agents in respect to the period between termination of corporate existence and reinstatement." Thus, it is clear that the Virginia legislature intended that once a corporation achieves reinstatement, its corporate status relates back to the date of its termination and it is as if the corporation had never been terminated. The debtor's action in this case to achieve reinstatement after the filing of the petition supports its eligibility for Chapter 11 relief since, in the eyes of the State of Virginia, it has been a corporation all along. In addition, the reinstatement in this case distinguishes it from other cases which have held that Chapter 11 is not available to a dissolved corporation. *Cf. In re Vermont Fiberglass, Inc.*, 38 B.R. 151, 152 (Bankr.Vt.1984), (court found that the debtor charter never reinstated); and *Chicago Title and Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 123, 58 S.Ct. 125, 126, 82 L.Ed. 147 (1937), (debtor filed Chapter XI petition over two years after the expiration of its rights under the state survival statute.)

The Wines also argue in their memorandum that they lack the corporate authority to file a Chapter 11 petition on behalf of the debtor corporation. However, it appears that section 13.1–755 of the Code, quoted above, gives the shareholders, directors, and officers of the corporate entity power to take the corporate action of filing a petition for relief. The Wines, who are the sole stockholders, officers and directors of the corporation, cannot use the lack of corporate formality to achieve the result they desire. To decide otherwise would permit every corporate debtor to create a loophole through which it could escape if the Chapter 11 proceeding did not progress to the debtor's liking.

For the foregoing reasons, this court holds that Wine Farms, Inc. was eligible to file a Chapter 11 petition and the motion to vacate the order for relief filed by Ernest W. Wine and Judy C. Wine is denied.

An appropriate order will be entered implementing this memorandum opinion.